## Buranosky v. Himes (No. 2)

*Pontzer & Pontzer* and *Wirtzman, Sikov & Love*, for plaintiff.

*Paul B. Greiner*, for defendants.

*John H. Cartwright*, for additional defendant.

MORRIS, P. J. (Fifty-fourth Judicial District, Specially Presiding), June 17, 1964. — This matter is now before the court upon a motion by plaintiff to add Michael Greene as a party defendant to the action.

Although this case has previously been before us on a different issue, it will perhaps add some clarity and continuity to our opinion if we briefly restate the facts here.

This case arose out of a highway accident which occurred at the intersection of Routes 255 and 555 in Elk County, Pa., on the morning of August 25, 1961, when a Volkswagen automobile which was occupied by Dorothy D. Buranosky and Michael Greene collided with a trailer truck owned by Vincent L. Quick and

driven by Charles Himes. The pleadings show that the United States Steel Corporation had engaged the services of Quick to transport pipe from McKeesport to Wharton, Pa. As a result of the accident and injuries sustained therein, Miss Buranosky died on September 5, 1961.

On December 22, 1961, Andrew M. Buranosky, administrator of the estate of Dorothy D. Buranosky, commenced a survival and death action against defendants in the Court of Common Pleas of Elk County.

On July 30, 1962, we granted defendants Himes and Quick's petition for an order permitting them to file a praecipe for writ to join Michael Greene as an additional defendant. Michael Greene then moved the court for judgment on the pleadings alleging that he had been given a release from defendants for $5,000, and that the release precluded defendants from joining him as an additional defendant in the action. For our prior opinion, in which we granted Greene's motion for judgment on the pleading, see 32 D. & C. 2d 400.

On August 15, 1963, plaintiff petitioned the court for leave to amend the pleadings for the purpose of adding Michael Greene as a party defendant to the action under Rule 2232 (c) of the Pennsylvania Rules of Civil Procedure.

The single issue before us is: "Is the plaintiff barred by the statute of limitations from joining Michael Greene as a party defendant?"

It is the rule in Pennsylvania that one cannot be joined as a party defendant in a pending action after the running of the statute of limitations. We quote from Goodrich-Amram, §2232 (c) (3) : ". . . Similarly, if a person who could have been joined as a defendant can not be sued because of the statute of limitations he can not be joined by the court.

"While subdivision (c) is not expressly subject to this limitation, the Enabling Act authorizing the promul-

gation of these rules prohibits any alteration of the statute of limitations. The Rules should be construed to avoid changing those statutes and the decisions regulating their application. It has long been established that new parties can not be added by amendment when the period of the statute of limitations has run. Accordingly, subdivision (c) prohibits the joining of additional parties on the court's motion when the statute of limitations would prohibit the prosecution of independent actions by or against them." Citing Cordisco v. 7-Up Bottling Co. of Philadelphia, 2 Bucks 357 (1953); Lommer v. Scranton Springbrook Water Service Co., 3 F. R. D. 27 (MD Pa. 1943); Beck v. Kilroy, 1 D. & C. 2d 777, 36 Westmoreland 317 (1954). See also Anderson Pa. Civ. Pract. §2232.11, and cases cited therein.

The crucial question then is: Did plaintiff "commence" his suit against Michael Greene before the period provided therefor under the statute of limitations expired? The statute of limitations in this survival action expires on August 25, 1963, two years after the date of the accident, August 25, 1961: Act of June 24, 1895, P. L. 236; Act of July 2, 1937, P. L. 275; Stegner v. Fenton, 351 Pa. 292 (1945). The only act done by plaintiff to bring Michael Greene into the case as a party defendant prior to August 25, 1963, was the filing of record a "petition" on August 15, 1963, to join Michael Greene as a party defendant. Was this enough to commence action against him for the purpose of tolling the statute? We believe that it was not. The rule is well settled and supported by extensive authority that for the purpose of tolling the statute of limitations an action is commenced when the praecipe is filed, the writ paid for and the case properly indexed and docketed: Gibson v. Pittsburgh Transportation Co., 311 Pa. 312 (1933); Ledonne v. Commerce Insurance Co., 307 Pa. 1 (1932); Rylee v. Nicoll's Adminis-

trator, 74 D. & C. 269 (1950); Thomas v. McLean Coal Co., 79 D. & C. 492 (1951); Kurtz v. Rochester Machine Co., 17 Beaver 15 (1955). It has been held in a lower court case that the filing of the praecipe alone is sufficient even though the case is not docketed or the writ issued until the following day and after the statutory period has expired: Burd v. Bennett Transp. Co., 21 Erie 59 (1939). However, where as here the only act done prior to the expiration of the statutory period was the filing of a petition, we feel compelled to hold that the motion to join Michael Greene as a party defendant has not been timely made and accordingly must be dismissed.

Wherefore, we make the following

### Order

And now, June 16, 1964, for the foregoing reasons the motion of plaintiff to add Michael Greene to the action as a party defendant is dismissed.