**Robert M. ELLENBOGEN, Plaintiff,**

v.

**RIDER MAINTENANCE CORPORATION and New York City Taxi Drivers Union, Local 3036, S.E.I.U., A.F.L.-C.I.O., Defendants.**

No. 84 Civ. 3513 (RLC).

United States District Court, S.D. New York.

Oct. 23, 1985.

Harold & Salant, Eastchester, N.Y., for plaintiff; John R. Harold, of counsel.

Donald F. Menagh, New York City, for defendant Union; David Stolow, of counsel.

Washor, Greenberg & Washor, New York City, for defendant Rider Maint. Corp.; Harvey L. Greenberg, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff, Richard M. Ellenbogen, has instituted this litigation claiming that defendant, Rider Maintenance Corp. ("Rider") discharged him in violation of the collective bargaining agreement between Rider and the New York City Taxi Drivers Union, Local 3036, S.E.I.U., AFL–CIO ("Union") and that the latter breached its duty of fair representation owed to him, the plaintiff, by refusing to pursue his grievance against Rider, the employer. The Union moves for summary judgment on the ground that the action is time barred pursuant to Section 10(b) of the National Labor Relations Act.

Plaintiff filed his summons and complaint on May 18, 1984, and mailed the pleadings to the Union on September 11, 1984, along with notice and acknowledgements pursuant to Rule 4(c)(2)(C)(ii), F.R. Civ.P. The Union signed and returned the documents on September 14, 1984. Plaintiff contends that service was in compliance with Rule 4(j), F.R.Civ.P., which provides for service within 120 days after the filing of the complaint.

Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), provides:

No complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom the charge is made.

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) the United States Supreme Court held that in a hybrid Section 301 (the Labor Management Relations Act, 29 U.S.C. § 185) breach of contract and breach of the duty of fair representation litigation, the applicable statute of limitations is Section 10(b) of the National Labor Relations Act. Plaintiff agrees that *DelCostello* required him to file his complaint within six months of the time he was or should have been aware of the facts giving rise to his claim, but contends that he is entitled under Rule 4(j), F.R.Civ.P., to the additional 120 days of grace to serve the complaint on the defendants.

The issue appears to be one of first impression in this court. In *DelCostello* the Court concluded that it was not appropriate to follow the usual practice of borrowing a relevant state statute of limitations since it could not find a state statute of limitations governing causes of action sufficiently analogous to a hybrid Section 301 fair rep-

resentation claim. Lacking an appropriate state statute to borrow, the Court found "available a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here [the § 301 fair representation hybrid situation]—a statute that is, in fact, an analogy to the present lawsuit more apt than any of the suggested state law parallels." *Id.*, 462 U.S. at 169, 103 S.Ct. at 2293. Section 10(b) attaches a six months limitation period to both the filing of the charge and its service on the defendant.

Rule 3, F.R.Civ.P., provides that a suit commences on the filing of a complaint in court. Rule 4, F.R.Civ.P., until its recent amendment, required only that service be made within a reasonable time. *United States v. Wahl*, 583 F.2d 285 (6th Cir.1978); Wright & Miller, Federal Practice & Procedure, § 1056. The recent amendment to Rule 4, F.R.Civ.P., now requires service within 120 days of the filing unless good cause is shown warranting expansion of that period. Some courts have ruled that the filing of the complaint tolls the running of the statute of limitations, *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1188 (5th Cir.1980), but the validity of that position has been put in doubt by dicta in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–51, 100 S.Ct. 1978, 1985–86, 64 L.Ed.2d 659: ("Rule 3 simply states that '[a] civil action is commenced by filing of a complaint with the court.' There is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations.")

Although as a general rule in federal cases, Rule 4(j) applies, the United States Supreme Court held early on that where the service requirement was an integral part of the borrowed state statute of limitations, the borrowing would embrace both the filing and service requirements of the state statute. *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). The Court adopted this principle because to apply the more liberal federal service of pro-

cess rule would give a diversity litigant greater rights in re the state statute of limitations than state litigants would have.

Most recently in *Walker v. Armco Steel Corp.*, 446 U.S. *supra* at 752–53, 100 S.Ct. at 1986, the Court reaffirmed *Ragan*'s holding "in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction."

The considerations which led the Court to require adherence to the service requirements of a borrowed state limitations statute when these requirements were an integral part of the statutory scheme differ from those present here when a federal statute is borrowed. Nonetheless, there is no rational basis for departing from traditional standards merely because the borrowed statute is of federal, rather than state, origin. The Court adopted Section 10 as the applicable time bar period. It did not indicate its holding was restricted to only the filing requirements of Section 10. The service requirement is an integral part of the time bar imposed and should be applicable along with filing requirements.

Of the decided cases: *Howard v. Lockheed Georgia Co.*, 742 F.2d 612 (11th Cir. 1984); *Thompson v. Ralston Purina Co.*, 599 F.Supp. 756 (W.D.Mich.1984); *Hoffman v. United Markets, Inc.*, 117 LRRM 3229 (N.D.Cal.1984), have so construed *DelCostello*; only *LaTondress v. Local No. 7, IBT and Dean Foods Co.*, 102 F.R.D. 295 (W.D.Mich.1984), takes a contrary view.

Since I believe the more rational view is that the Court intended to require adherence to all of Section 10(b), service here being in excess of the six months limitation, the case is time barred. Accordingly, the motion for summary judgment is granted.

IT IS SO ORDERED.