Robert M. ELLENBOGEN, Plaintiff-Appellant,

v.

RIDER MAINTENANCE CORP., New York City Taxi Drivers Union Local 3036, S.E.I.U., A.F.L.–C.I.O., Defendants-Appellees.

No. 1074, Docket 85–7926.

United States Court of Appeals, Second Circuit.

Argued April 14, 1986.

Decided June 24, 1986.

Paul Alan Levy, Washington, D.C. (Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., of counsel), for plaintiff-appellant.

David Stolow, New York City (Donald F. Menaugh, P.C., New York City, of counsel), for defendant-appellee New York City Taxi Drivers Union Local 3036, S.E.I.U., A.F.L–C.I.O.

Harvey L. Greenberg, New York City (Washor, Greenberg & Washor, New York City, of counsel), for defendant-appellee Rider Maintenance Corp.

Before MANSFIELD, CARDAMONE and PIERCE, Circuit Judges.

CARDAMONE, Circuit Judge:

This is an appeal by an employee from an order dismissing his hybrid § 301/fair representation suit, 621 F.Supp. 324, brought against his employer and union under the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1982). Appellant alleges in his complaint seeking reinstatement with back pay that his employer breached the collective bargaining agreement by discharging him and that the union breached its duty of fair representation by refusing to pursue his grievance. The district court dismissed the complaint as time-barred by § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), which fixes a six-month time limit on filing of unfair labor practice charges with the National Labor Relations Board and has been held applicable to hybrid fair representation suits under § 301. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

The appeal raises a question of first impression in this Circuit: When a federal court borrows the six-month time limitation of § 10(b) of the NLRA for application in a hybrid § 301/fair representation suit, must it also borrow and apply the requirement of § 10(b) that *service of the complaint* be completed within the same six-month period?

Frequently, no federal statute of limitation expressly applies and federal courts in civil suits must "borrow" from the most suitable source to bridge this gap in federal law. In this context Polonius' admonition: "[n]either a borrower, nor a lender be;" for "borrowing dulls the edge of husbandry"[1] is sound advice. Federal courts should borrow only what they need from other sources, and rely on their own resources of procedural rules when those serve the intended purposes equally well. While borrowing one time period to fill a particular gap may work well under some circumstances, it may not fit under different circumstances. Such is the case here. Accordingly, we hold that borrowing § 10(b) for purposes of service of the complaint is unnecessary and that such hybrid actions are governed by the established service requirements of the Federal Rules of Civil Procedure. The order dismissing the complaint is reversed.

---

1. W. Shakespeare, *Hamlet,* Act I, scene iii, *The Complete Works of Shakespeare,* (Craig ed. 1928).

## I FACTS

The relevant facts of this case are undisputed. Richard Ellenbogen was employed as a taxicab driver for Rider Maintenance Corp. (Rider) for more than eight years and was represented by the New York City Taxi Drivers Union, Local 3036, S.E.I.U., AFL–CIO (Union). On November 23, 1983 Ellenbogen was discharged. Within a week, he met with a Local 3036 Vice President regarding reinstatement. Subsequently, Ellenbogen was notified that the Union would be unable to secure his reinstatement and that no further action would be taken.

Ellenbogen then filed a *pro se* complaint in the United States District Court for the Southern District of New York (Carter, J.) against both Rider and the Union on May 18, 1984, less than six months after his November 23 discharge. He mailed the pleadings to the Union on September 11, 1984 together with notice and acknowledgements in compliance with Fed.R.Civ.P. 4(c)(2)(C)(ii). The Union signed and returned the documents on September 14, 1984. There is no dispute that Ellenbogen filed his complaint within six months after the statute of limitations began to run on his cause of action, and though service of process was not completed within this six-month period, it was effected within the 120-day grace period provided for completion of service under Rule 4(j). The Union moved at trial for summary judgment dismissing the complaint on the ground that the action was commenced after the expiration of the statute of limitations period prescribed by § 10(b) of the NLRA.

## II PROCEEDINGS

The district court in a written opinion relying on *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), held that the action was time barred under § 10(b) of the NLRA because this section specifically provided a six-month service requirement, and that such requirement is an integral part of the time bar imposed under § 10(b). *Ellenbogen v. Rider Maintenance Corp.*, 621 F.Supp. 324 (S.D.N.Y. 1985). Section 10(b) of the NLRA, 29 U.S.C. § 160(b) states in relevant part:

> [N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made....

The district court further relied on the fact that the majority of decided cases, see *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612, 614 (11th Cir.1984); *Thompson v. Ralston Purina Co.*, 599 F.Supp. 756, 758 (W.D.Mich.1984); *Hoffman v. United Markets, Inc.*, 117 LRRM 3209, 3229–31 (N.D. Cal.1984), have construed *DelCostello* to require filing and service within the six-month limitation period. *But see LaTondress v. Local No. 7, IBT*, 102 F.R.D. 295, 296–97 (W.D.Mich.1984).

## III DISCUSSION

Since the district court handed down its opinion, three other circuits also have held that in a hybrid § 301/fair representation suit, a court must borrow both the six-month filing and service requirements. *See Gallon v. Levin Metals Corp.*, 779 F.2d 1439, 1441 (9th Cir.1986); *West v. Conrail*, 780 F.2d 361, 363 (3d Cir.1985); *Howard v. Lockheed-Georgia Co.*, 742 F.2d 612 (11th Cir.1984). *Macon v. ITT Continental Baking Co., Inc.*, 779 F.2d 1166, 1170–72 (6th Cir.1985), *petition for cert. filed*, 54 U.S.L.W. 3617 (Feb. 21, 1986) and *Thomsen v. United Parcel Service*, 792 F.2d 115 (8th Cir.1986), have held to the contrary. Upon carefully considering this question, we conclude that *DelCostello* does not mandate a departure from the general procedural rule that an action is commenced and the statute tolled simply upon the filing of a complaint with the court. Fed.R.Civ.P. 3. *Bomar v. Keyes*, 162 F.2d 136, 140–41 (2d Cir.), *cert. denied*, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947); *Hobson v. Wilson*, 737 F.2d 1, 44–45 (D.C.Cir.1984), *cert. denied*, —— U.S.

——, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985); *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1188 (5th Cir.1980); *Bartholomeo v. Parent*, 71 F.R.D. 86, 87 (E.D.N.Y. 1976). To accept the Union's position would deny a § 301 plaintiff the benefit of the 120-day grace period between filing and service afforded other plaintiffs in federal court.

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 the Supreme Court addressed the question of what statute of limitations period to apply for the *filing* of a complaint in a hybrid suit brought by an employee against his employer and union. Because there was no applicable federal statute of limitations, the Court examined the most analogous state statute viewed in light of the federal policies underlying hybrid § 301/fair representation actions. After considering both Maryland's three-year statute, and New York's 30-day statute governing the vacation of arbitration awards, *DelCostello* concluded that state limitations "suffer[ed] from flaws, not only of legal substance, but more important, of practical application in view of the policies of federal labor law and the practicalities of hybrid § 301/fair representation litigation." *Id.* at 165, 103 S.Ct. at 2291. Its principal objections to applying state statutes of limitation governing vacation of arbitration awards was the abbreviated period traditionally adopted, and the practical difficulties of instituting § 301 claims. *Id.* at 166–67, 103 S.Ct. at 2291–92. Therefore, the Court borrowed the federal statute of limitations contained in § 10(b) of the NLRA that governs the filing of unfair labor practices before the Board. It noted that the interests in unfair labor practice charges and hybrid § 301 suits are "very similar." *Id.* at 169, 103 S.Ct. at 2293. Thus, it is clear that the six-month *filing* requirement of § 10(b) is applicable to the instant case.

Although *DelCostello* did not address whether in hybrid suits, the six-month time period applies to service as well as filing, the Union argues that because § 10(b) specifically requires both filing and service within six months and this requirement "is in keeping with federal labor policy," all of § 10(b) should be borrowed. We are unpersuaded by this argument. Rather, we conclude that the Supreme Court in *DelCostello* was solely concerned with filling a gap in federal law, see 462 U.S. at 169, 170 n. 21, 103 S.Ct. at 2293, 2293 n. 21. And—absent clear language to the contrary—borrowing should be limited to that which is essential or necessary to fill the gap. Here there is no gap in federal law insofar as the commencement of a civil action is concerned. Fed.R.Civ.P. 3 states that, "A civil action is commenced by filing a complaint with the court." Once a complaint has been filed, Rule 4(j) allows a plaintiff 120 days to effect service. The gap in federal law can only be seen when looking at the time a plaintiff has to file his hybrid charge, not to serve his complaint. A conclusion to limit what is borrowed from 10(b) is supported by the practical difficulties of instituting a hybrid action in federal court and the *general policy supporting uniform application of the Federal Rules of Civil Procedure.*

In *West v. Conrail*, 780 F.2d at 365, the dissenting judge explained the procedural mechanisms for instituting and prosecuting an unfair labor practice charge before the NLRB. Although an aggrieved party may initiate a charge with the Board, see 29 C.F.R. § 102.9 (1985), only the Board's General Counsel, after investigation, may issue and prosecute a complaint. 29 U.S.C. § 153(d) (1982). The six-month filing requirement of 10(b), which was added when the NLRA was amended by the Taft-Hartley Act in 1947, was designed to combat the long delays that had occurred between the initiation of an unfair practice charge with the Board and the filing of a charge by its General Counsel. But this limitation does not apply to the commencement by the Board of an unfair labor practice action in federal court. Section 10(b) serves only as a time-bar that conditions the filing on an unfair labor practices charge by the employee *before* the Board, not as a time-

bar conditioning the bringing of a federal suit *by* the Board under § 301.

When dealing with a federal suit, a court should be governed by the Federal Rules of Civil Procedure in any case where they can be applied. Before commencing his hybrid action in federal court, a *pro se* employee must prepare and file a complaint—an obviously more burdensome task than merely filing a charge for the Board to act upon. Rather than require the service of that complaint to be effected within the same six-month time frame, it is more appropriate under these circumstances that a *pro se* plaintiff have the 120-day grace period to serve his complaint.

Thus, upon analysis it can be seen that § 10(b) is not a true statute of limitations because it does not determine when the government must prosecute an unfair labor practice charge. 780 F.2d at 365. Further, there is no reason in this case to lug this unwieldy administrative machinery into the federal district court. The Rules of Civil Procedure provide well-established and well-understood mechanics for determining when an action is commenced and when service must be effected. Hybrid claims for breach of contract/breach of duty of fair representation are federal causes of action. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 561–64, 96 S.Ct. 1048, 1054–56, 47 L.Ed.2d 231 (1976). Rule 3 together with Rule 4(a) and (j) govern this action. Rule 3 states that a civil action is commenced upon filing a complaint with the court and Rule 4 provides the means for assuring that the complaint and summons are properly served upon the named defendant.

Our approach is consistent with the rationale expressed in *DelCostello*. First, we are borrowing only that which is necessary to fill a gap in federal statutory law. As stated in *DelCostello*, "[w]e are applying a statute of limitations to a different cause of action, not because the legislature enacting that limitations provision intended that it apply elsewhere, but because it is the most suitable source for borrowing to fill a gap in federal law." 462 U.S. at 169, 170 n.

21, 103 S.Ct. at 2293 n. 21. Concededly, breach of contract/breach of duty of fair representation suits contain a filing gap, but there is no procedural gap for service of a complaint.

Second, in *DelCostello* the Court was concerned with providing employees in § 301 cases—typically unsophisticated in the procedures of federal court and unrepresented by counsel—sufficient time to bring suit. It rejected the state limitations periods for vacation of arbitration awards because it "fail[ed] to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine." *Id.* at 166, 103 S.Ct. at 2291. As recognized in *Macon v. ITT Continental Baking Co., Inc.,* 779 F.2d at 1171, requiring the § 301 plaintiff to file and serve the complaint within six months would undermine these policies by "substantially limit[ing] the amount of time available to a hybrid plaintiff before bringing suit." Further, the employee faces practical problems not encountered in Board procedures in that he does not have the benefit of the Board's General Counsel to advise him as to what facts are necessary to state his claim and what procedures must be followed to effectuate service of process on the union and employer. When a charge is filed with the General Counsel, the Board's Regional Director usually serves the charge on the opposing party as a matter of course. 29 C.F.R. § 102.14 (1985).

We note in passing that the present case is clearly distinguishable from diversity suits based on a state law that condition a right on service within a given period. *See Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). The policies favoring close adherence to state statute of limitations rules in diversity cases are largely absent when the legal action is based upon federal substantive law. In a diversity case the rule of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), intends that the outcome should be

the same in federal court as if the litigation were tried in state court. *Ragan*, 337 U.S. at 532, 69 S.Ct. at 1234.

The district court incorrectly reasoned that applicability of the general rule that filing the complaint tolls the statute of limitation has been discredited by dicta in *Walker* which noted "[t]here is no indication that [Rule 3] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." 446 U.S. at 750–51, 100 S.Ct. at 1985. The *Walker* Court explicitly declined to address the role of Rule 3 as a tolling mechanism in causes of action based on federal law. *Id.* at 751 n. 11, 100 S.Ct. at 1985 n. 11. Subsequently, it has been held in Title VII cases that Rule 3 determines when an action is commenced. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149, 104 S.Ct. 1723, 1724, 80 L.Ed.2d 196 (1984).

## IV CONCLUSION

Thus, we hold that the complaint was timely filed and service—completed within the time prescribed by Fed.R.Civ.P. 4(j)—was also timely. The order of dismissal entered by the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.