522

Shirley SCHACH, Plaintiff,

v.

FORD MOTOR CO. and Bridgestone/Firestone North American Tire, LLP, Defendants.

Civ.A. No. 3:01–CV–798.

United States District Court,
M.D. Pennsylvania.

Oct. 3, 2002.

Morton F. Daller, Daller, Greenberg & Dietrich, LLP, Fort Washington, PA, Thomas M. Hinchey, Campbell, Cambell, Edwards & Conroy, Wayne, PA, for defendants.

Steven Kachmar, Pottsville, PA, for plaintiff.

## MEMORANDUM

CAPUTO, District Judge.

This action arises from an auto accident involving the Plaintiff.[1] Defendant Bridgestone/Firestone North American Tire, LLC ("Bridgestone/Firestone") now moves to dismiss Plaintiff Shirley Schach's product liability action as time-barred. (Doc. 22.) Because Plaintiff failed to file her amended complaint in a timely manner as prescribed by Pennsylvania law, and because neither the relation-back doctrine nor the discovery rule excuses her lateness, I will grant Bridgestone/Firestone's motion to dismiss.

Plaintiff commenced this diversity action on May 7, 2001, naming Ford Motor Co. ("Ford") as the sole defendant. (Doc. 1.) On November 23, 2001, Plaintiff submitted a proposed amended complaint,[2] and on December 7, 2001, Plaintiff filed a motion for leave to amend her original complaint. (Doc. 11.) Plaintiff re-filed her motion for leave to amend, with a copy of the proposed amended complaint attached, on February 23, 2002. (Doc. 17.) I granted Plaintiff's motion to file an amended complaint on March 21, 2002. (Doc. 18.) Bridgestone/Firestone filed this Rule 12(b)(6) motion on July 1, 2002. Plaintiff filed her brief in opposition on July 23, 2002, (Doc. 26.) and Bridgestone/Firestone submitted its reply on August 1, 2002. (Doc. 27.) The motion is ripe for disposition.

## DISCUSSION

■ I begin by determining the correct statute of limitations to apply here. Where federal jurisdiction in a civil action is based on diversity of citizenship, the Court must apply the substantive law of the forum state. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Melville v. American Home Assurance Co.,* 584 F.2d 1306 (3rd Cir.1978); *Robertson v. Allied Signal, Inc.,* 914 F.2d 360, 378 (3d Cir.1990). Statutes of limitations are substantive for *Erie* purposes. *See Guaranty*

*Trust Co. v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) ("[p]lainly enough, a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law"). *See also Dixon Ticonderoga Co. v. Estate of O'Connor,* 248 F.3d 151, 160 (3d Cir.2001). Thus, the applicable Pennsylvania statute of limitations for a personal injury action is two years. 42 Pa. C.S.A. § 5524(2).

I move now to Plaintiff's arguments for why this action is not time-barred.

### 1. The tolling effect of filing a motion for leave to amend

■ Plaintiff first argues that she tolled the statute of limitations by filing her motion for leave to amend *before* the limitation period expired. In the final analysis, this argument fails because under Pennsylvania law—which applies here for reasons explained below—filing a motion for leave to amend does not toll the statute of limitations. *Aivazoglou v. Drever Furnaces,* 418 Pa.Super. 111, 118, 613 A.2d 595 (1992); *Buranosky v. Himes,* 34 Pa. D. & C.2d 509, 511–12 (Elk 1964).

### a. Pennsylvania law

Pennsylvania case law makes clear that filing of a motion for leave to amend does not toll the statute of limitations. In *Buranosky v. Himes,* 34 Pa. D. & C.2d at 511–12, the court explained:

[t]he only act done by plaintiff to bring [the additional defendant] into the case as a party defendant prior to [the expiration of the statutory period] . . . was the filing of record a "petition" . . . to join [the additional party as] . . . a defendant. Was this enough to commence action against him for

1. Plaintiff had an auto accident on January 1, 2000 in which she allegedly suffered serious injuries to her back, neck, and elbow when her vehicle skidded across the roadway and struck an embankment, several trees, and a sign. She claims that defective airbags and seatbelts (manufactured by Ford) and defective tires (manufac-

tured by Bridgestone/Firestone) caused her injuries. (Doc. 17, ¶¶ 5–6.)

2. This submission is reflected on the docket sheet but was not given a document number.

the purpose of tolling the statute? We believe that it was not. The rule is well settled and supported by extensive authority that for the purpose of tolling the statute of limitations an action is commenced when the praecipe is filed, the writ paid for and the case properly indexed and docketed.... [W]here as here the only act done prior to the expiration of the statutory period was the filing of a petition, we feel compelled to hold that the motion to join ... [additional] party defendant has not been timely made and accordingly must be dismissed.

*Id.* (citations omitted). Reaffirming this rule, *Aivazoglou v. Drever Furnaces*, 418 Pa.Super. 111, 613 A.2d 595 (1992) held that "[i]n Pennsylvania ... a civil action can only be commenced in the manner provided by R.C.P. 1007."[3] In *Aivazoglou*, the plaintiff filed only a petition requesting leave of court to amend the complaint prior to the expiration of the statutory period. *Id.* at 113, 613 A.2d 595. However, "nothing was filed in the Prothonotary's Office until after the statute of limitations had run." *Id.* at 118, 613 A.2d 595. Applying the Pennsylvania rule, the *Aivazoglou* court dismissed the amended complaint as time-barred.

### b. The Federal Rule

The Federal Rules of Civil Procedure do not contradict the Pennsylvania rule. Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Although some lower courts have held otherwise, reading into Rule 3 an equitable tolling provision,[4] the Supreme Court foreclosed this construction in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Considering the scope of Rule 3, the *Walker* Court concluded that

[t]here is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations.

*Id.* at 749. In diversity actions, the Court explained, "Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, *but does not affect state statutes of limitations.*" *Id.* (emphasis added). The *Walker* decision was based on the policies underlying *Erie* and its progeny:

[t]here is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

*Walker*, 446 U.S. at 753, 100 S.Ct. 1978.

The Supreme Court recently re-emphasized this construction of Rule 3, noting in *Gasperini v. Center for Humanities*, 518 U.S. 415, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) that "state law rather than Rule 3 determines when a diversity action commences for the purposes of tolling the state statute of limitations." *Id.* at 428 n. 7, 116 S.Ct. 2211 (citing *Walker* and *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949)).

Numerous lower courts have correctly followed *Walker* and rejected the view that Rule 3 implies an equitable tolling provision. For example, *Eades v. Clark Distrib. Co.*, 70 F.3d 441 (6th Cir.1995) involved facts very similar to those involved in the case at bar. In *Eades*, the plaintiff, having been involved in an automobile accident, filed a diversity action in a Kentucky federal court against the other driver and the other driver's employer. The applicable Kentucky statute of limitations was two years. Plaintiff filed a complaint just before the two-year period had run, but did not effectuate service until after the two years had expired. However, under Kentucky law, an action is commenced not at the time the complaint is filed, but rather "on the date of the first summons or process issued in good faith

---

**3.** Rule 1007 of the Pennsylvania Rules of Civil Procedure provides that an action is commenced by the filing of (1) a praecipe for writ of summons; (2) a complaint, or (3) an agreement for amicable action. *Aivazoglou*, 418 Pa.Super. at 116, 613 A.2d 595.

**4.** *See infra*, pp. 525–26.

from a court having jurisdiction of the cause of action." The plaintiff argued that Rule 3 should supplant the Kentucky rule, but the Sixth Circuit disagreed. Citing *Walker*, the court explained that "in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, *but does not affect state statutes of limitations." Id.* at 442–44 (emphasis added).[5]

The situation here is clear. Pennsylvania courts have explicitly stated that Rule 1007 contains no provision for equitable tolling, express or implied. *Walker* and related cases have construed Rule 3 as simply not speaking to the issue of equitable tolling. These two rules do not conflict; they exist side by side. *Cf. Walker*, 446 U.S. at 752, 100 S.Ct. 1978 (noting similar rules that "can exist side by side . . . each controlling its own intended sphere of coverage without conflict"). Because the two rules are not in direct collision, the Court need not and cannot proceed with the analysis prescribed by *Hanna v. Plumer*, 380 U.S. 460, 470, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (holding that in the case of a direct collision, the Federal Rules of Civil Procedure, rather than state law, must apply in diversity cases so long as the Rule in question does not transgress the terms of the Rules Enabling Act or constitutional restrictions). *See also Walker*, 446 U.S. at 749–50, 100 S.Ct. 1978 ("[t]he first question must, therefore, be whether the scope of the Federal Rule in fact is sufficiently broad to control the issue before the court. It is only if that question is answered affirmatively that the *Hanna* analysis applies"). In cases like this one, where "the scope of the Federal Rule [is] not as broad as the losing party urge[s] and therefore, there [is] no Federal Rule which cover[s] the point in dispute, Erie command[s] the enforcement of state law." *Hanna*, 380 U.S. at 470, 85 S.Ct. 1136. Guided by *Walker* and *Hanna*, I will apply the Pennsylvania rule and hold that the Plaintiff's amended complaint, which was not formally filed until after January 1, 2002, is time-barred.

### c. Contrary federal decisions

As I noted above, a number of federal courts have in fact construed Rule 3 as implying an equitable tolling provision. In an effort to clarify this somewhat confusing situation, it is worth mentioning why these decisions are either distinguishable or incorrect.

The decisions rendered in the context of a federal question case can be distinguished on that basis.[6] As *Ellenbogen v. Rider Maintenance Corp.*, 794 F.2d 768 (2d Cir.1986) explained, *Walker* was explicitly limited to diversity cases. *Id.* at 772. As the *Ellenbogen* court explained, "the policies favoring close adherence to state procedural rules are largely absent when jurisdiction is founded on a federal question and not on diversity." *Id.*

Other decisions construing Rule 3 as including an equitable tolling provision were rendered before the *Walker* decision made the scope of Rule 3 crystal clear.[7] These decisions are obsolete.

More problematic are the post-*Walker* decisions involving diversity cases in which courts have held that Rule 3 implies an equi-

---

5. *See also Fischer v. Iowa Mold Tooling Co.*, 690 F.2d 155, 157 (8th Cir.1982) ("*Walker v. Armco Steel* has laid to rest the notion that Rule 3 can ever be used to toll a state statute of limitations in a diversity case arising under state law."); *Converse v. General Motors Corp.*, 893 F.2d 513, 515–16 (2d Cir.1990). *Accord Wade v. Danek Med., Inc.*, 182 F.3d 281, 290 (4th Cir.1999) (applying *Walker* to reject the "virtually identical argument" that Rule 23 "implicitly contains an equitable tolling rule").

6. *See, e.g., Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir.1993); *Mayes v. AT & T Information Sys.*, 867 F.2d 1172, 1173 (8th Cir.1989); *Ramirez v. City of Wichita*, 1993 WL 499772, at *2, 1993 U.S. Dist. LEXIS 17134 at *8 (D.Kan.1993); *Eaton Corp. v. Appliance Valves Co.*, 634 F.Supp. 974, 982–83 (N.D.Ind.1984); *In re Glacier Bay*, 746 F.Supp. 1379, 1389 (D.Alaska 1990); *McDermott v. Mercury Capital Servs.*, 1996 U.S. Dist. LEXIS 22076 at *9 (N.D.Ga.1996); *Bradley v. Armstrong Rubber Co.*, 46 F.Supp.2d 583, 586 (S.D.Miss.1999); *Sheets v. Dziabis*, 738 F.Supp. 307, 313 (N.D.Ind.1990).

7. *See, e.g., Chladek v. Sterns Transp. Co.*, 427 F.Supp. 270, 275 (E.D.Pa.1977); *Gloster v. Pennsylvania R.R. Co.*, 214 F.Supp. 207 (W.D.Pa. 1963); *Rademaker v. Flynn Export Co.*, 17 F.2d 15, 17 (5th Cir.1927).

table tolling principle that trumps state law.[8] The Court respectfully disagrees with the analysis underlying *Broomes v. Schmidt,* 1996 WL 229369, 1996 U.S. Dist. LEXIS 5957 (E.D.Pa.1996); *In re One Meridian Fire Litig.,* 1993 WL 308726, 1993 U.S. Dist. LEXIS 11126 (E.D.Pa.1993); and *Longo v. Pennsylvania Elec. Co.,* 618 F.Supp. 87 (W.D.Pa.1985). Each of these decisions overlooks the *Walker* decision and relies instead upon pre-*Walker* decisions (*e.g. Longo,* 618 F.Supp. at 89 (citing the 1963 *Gloster* decision); *Meridian Fire,* 1993 WL 308726 at *1, 1993 U.S. Dist. LEXIS 11126 at *4–5 (citing the 1977 *Chladek* decision)), federal question decisions (*Broomes,* 1996 WL 229369 at *1, 1996 U.S. Dist. LEXIS 5957 at *3–4), or each other (*Broomes; Meridian Fire*).

## 2. Relation-back doctrine

■ Plaintiff argues in the alternative that the "relation back" doctrine of Rule 15(c) of the Federal Rules of Civil Procedure brings her amended complaint back within the statute of limitations. As a prefatory matter, the Court of Appeals for the Third Circuit has made clear that the question of relation back is procedural under *Hanna* and therefore Rule 15(c) applies. *Nelson v. County of Allegheny,* 60 F.3d 1010, 1014 (3d Cir.1995); *Estate of Fortunato by Fortunato v. Handler,* 969 F.Supp. 963, 967 (W.D.Pa.1996).

Bridgestone/Firestone insists that Plaintiff's attempt to save her claim from dismissal is meritless. Unfortunately, the decision Bridgestone/Firestone commends to the Court as illustrative of Rule 15(c)'s proper application—*Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)—is no longer good law. In fact, Rule 15(c)(3) was amended in 1991 as a direct result of *Schiavone. See* Fed.R.Civ.P. 15(c) Advisory Committee Note (1991 Amendment) ("[t]his paragraph has been revised to change the result in *Schiavone v. Fortune*"); *Lundy v.*

*Adamar of New Jersey, Inc.,* 34 F.3d 1173, 1185 (3d Cir.1994) (Becker, J.)

"[t]he Supreme Court recognized the spartan and admittedly arbitrary consequences of its holding and, acting on the recommendation of the Advisory Committee on Civil Rules and the Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, soon thereafter recommended the ... amendment to Rule 15(c), which Congress approved."

Under the amended version of Rule 15(c), a party may amend a complaint after the statute of limitations has expired only if the claim relates back to the date of the original pleading. *See Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451 (3rd Cir.1996). When the amendment seeks to add an additional party after expiration of the time limitation, Rule 15(c)(3),[9] governs. This rule requires that:

1. the claims against the new defendants arose from the conduct, transaction or occurrence set forth in the original complaint;

2. the party to be joined received sufficient notice of the action within the period specified in Fed.R.Civ.P. 4(m) for service of the original pleading, i.e., within 120 days of filing the complaint plus any extensions of time granted by the court, such that the new party "will not be prejudiced in maintaining a defense on the merits."

3. the party to be joined "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

*See Gollinger v. Dreyfus Realty Advisors,* 1997 WL 563394, at *1, 1997 U.S. Dist. LEXIS 13589 at *5–6 (E.D.Pa.1997).

■ I need not consider whether Plaintiff meets the first and second requirements, be-

---

8. The Court of Appeals for the Third Circuit has avoided addressing this issue. *See Stinson v. Kaiser Gypsum Co.,* 972 F.2d 59, 62 (3d Cir. 1992).

9. Rule 15(c)(1) does not apply here because the relation back approach taken by the Pennsylvania courts is no more favorable toward amended pleadings than the approach taken by the Federal Rules. *See Nelson,* 60 F.3d at 1014. Rule 15(c)(2) does not apply here because it is not a new claim or defense being asserted by Plaintiff; it is a new party.

cause Plaintiff clearly fails to meet the third requirement. Rule 15(c)(3) was not intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor to permit a plaintiff to engage in piecemeal litigation. *Shirsat v. Mutual Pharmaceutical Co., Inc.*, 1996 WL 273674 at *1, 1996 U.S. Dist. LEXIS 6691 at *5–6 (E.D.Pa.1996). To satisfy the third requirement, the plaintiff must demonstrate that a mistake concerning the *identity* of the proper party existed at the time the complaint was filed. *See Nelson*, 60 F.3d 1010, 1014 (3d Cir.1995). For the purposes of this motion to dismiss, I need not assume that Plaintiff can prove facts she has not alleged. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir.1998). Plaintiff has not alleged any mistake as to the identity of the proper party. Nor could she, as the identity of the manufacturer of any tire is readily ascertainable. Therefore, the relation back doctrine of Rule 15(c) does not apply.

### 3. The discovery rule.

 Finally, Plaintiff claims that the discovery rule excuses her late filing. The discovery rule provides that the limitations period does not begin to run until discovery of the injury or its cause is reasonably possible. See *Pocono International Raceway Inc. v. Pocono Produce*, 503 Pa. 80, 85, 468 A.2d 468 (1983); *Stauffer v. Ebersole,* 385 Pa.Super. 306, 309–10, 560 A.2d 816 (1989). It is "the duty of the one asserting a cause of action against another to use all reasonable diligence to inform herself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed statutory period," *Taylor v. Tukanowicz,* 290 Pa.Super. 581, 585, 435 A.2d 181 (1981). Lack of knowledge, mistake, or misunderstanding are not sufficient to trigger the discovery rule. *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 204 A.2d 473 (1964); *Bell v. Brady,* 346 Pa. 666, 31 A.2d 547 (1943).

Whether the statute has run on a claim is a question of law, but where the issue involves a factual determination, the determination is for the jury. *See Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa.

134, 142, 153 A.2d 477 (1959). However, a court may rule on a discovery rule claim as a matter of law "where the facts are so clear that reasonable minds cannot differ." *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040 (1992); *Sadtler v. Jackson–Cross Co.,* 402 Pa.Super. 492, 501, 587 A.2d 727 (1991).

Plaintiff states in her amended complaint that the tires on her vehicle "had blown out by thread separation causing the Plaintiff to sustain injuries . . . ." (Doc. 15, ¶ 9.) Assuming this is true, the blown-out tires would have been discoverable by an examination of the automobile and surrounding accident scene. The applicable standard is not whether the Plaintiff subjectively knew that the blown-out tires caused her accident. Rather, it is whether diligent investigation would have revealed this. In these circumstances, it is appropriate to resolve this as a matter of law. I hold that the discovery rule does not apply.

An appropriate order will follow.

### *ORDER*

**NOW,** this \_\_\_\_\_ day of October 2002, **IT IS HEREBY ORDERED** that Bridgestone/Firestone's motion to dismiss (Doc. 22) is **GRANTED.**