Alfredo **LONGO** and Maria Rosaria Longo, Plaintiffs,

v.

**PENNSYLVANIA ELECTRIC COMPANY**, a corporation, Herman Beckinger and Frank Carpellotti, d/b/a Carp Transit, Defendants.

Civ. A. No. 83–1840.

United States District Court, W.D. Pennsylvania.

May 3, 1985.

James G. Connolly, David L. Robertson, Paris, Pa., and Lawrence E. Stewart, Cleveland, Ohio, for plaintiffs.

Warren D. Ferry, Pittsburgh, Pa., for Beckinger.

John E. Hall, Pittsburgh, Pa., for Pennsylvania Elec.

Alan H. Perer, Pittsburgh, Pa., for M. Caupellotte.

## OPINION

MANSMANN, District Judge.

This matter comes before the Court on Defendant Frank Carpellotti's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below Defendant's Motion is denied.

### Factual and Procedural Background

This case involves a claim for personal injuries allegedly sustained by Alfredo Longo when an International tractor-trailer truck operated by John A. Moore tipped over onto the Plaintiff's truck on August 27, 1981. At the time of the accident, both vehicles were in the process of dumping coal at Defendant Pennsylvania Electric Company's generating station in Erie, Pennsylvania. On September 3, 1982, Plaintiff filed a complaint, citing two defendants: namely, the aforementioned Pennsylvania Electric Company and Herman Beckinger, owner of the truck and employee of the driver, John A. Moore. A Motion for Leave to Amend Complaint to set forth a new party defendant, "M. Caupellotte" of 829 Benwood Avenue, McKees Rocks, Pennsylvania 15136, was subsequently filed by Plaintiff on June 27, 1983.

This Court signed an order permitting such amendment on November 2, 1983; and on this same day, the amended complaint was filed by Plaintiff, 1) alleging that Plaintiff's personal injuries were the direct and proximate result of both Defend-

ants Herman Beckinger's and M. Carpellotti's, "independent, joint, and concurrent negligence" and 2) that Moore was the employee of the aforementioned defendants.

The answer and crossclaim of M. Caupellotte represented that Frank J. Carpellotti t/d/b/a Carp Transit was the proper party defendant. M. Carpellotti[1] Trucking is a different company operated by Frank Carpellotti's mother and is not involved in this action.

An "open" lease agreement existed between Frank J. Carpelletti and Beckinger whereby Carpellotti, who possessed a Pennsylvania Public Utilities Commission (hereinafter PUC) permit to operate a public haulage concern, arranged hauling jobs for Beckinger and supplied the necessary PUC authority. In this particular case, Carpellotti telephoned Beckinger and requested that Beckinger haul coal to the Pennsylvania Electric Company's Erie, Pennsylvania location.

Regarding the instant Motion for Summary Judgment, defendant Carpellotti asserts there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. To this end, he raises the following questions for this Court's review: (1) whether Defendant Carpellotti can be held liable for any negligence of Moore and Beckinger absent a master-servant or agency relationship; (2) whether Defendant Carpellotti can be held liable based upon his lease with Beckinger since an International tractor-trailer truck and not a Mack trailer truck was involved in the accident and (3) whether Plaintiff's action is barred by the applicable statute of limitations.

## DISCUSSION

In order to grant a motion for summary judgment, the district court, pursuant to FED.R.CIV.P. 56(c) must determine that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also, Sames v. Gable,* 732 F.2d 49, 51 (3d Cir.1984). Moreover, the district court must " 'resolve any doubts as to the existence of fact against the moving parties' " and " 'inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.' " *Continental Insurance Co. v. Bodie,* 682 F.2d 436, 438 (3d Cir.1982) (citations omitted). Bearing in mind the above-noted standards, the Court will determine if Defendant Carpellotti is entitled to summary judgment.

Defendant's statute of limitations argument contends that the action against him is barred in that Pennsylvania has a two year limitations period for bringing personal injury actions, and the instant action was not timely filed.[2] We note that the date of the accident was August 27, 1981, and both the order granting the Motion to Amend as well as the actual amended complaint naming Carpellotti as party defendant was filed on November 2, 1983. (The applicable statute would require the joinder of additional parties defendant prior to August 27, 1983).

■ We note, however, that the Motion to Amend Complaint setting forth a new party defendant was filed with the Court on June 27, 1983, thirty days prior to the expiration of the statute of limitations. The timely filing of this Motion to Amend and not the final court approval was sufficient to meet the requirement of FED.R. CIV.P. 3 that "a civil action is commenced by the filing of a complaint with the court." *See Gloster v. Pa. R. Co.,* 214 F.Supp. 207 (W.D.Pa.1963) (where motion to amend to add additional party defendant was filed within the time allowed for wrongful death action, statute of limitations did not bar court from granting the motion after period expired).

---

1. Although cited in the amended complaint as "M. Caupellotte," the correct spelling of the name is "M. Carpellotti" as noted in this same answer and crossclaim.

2. The governing Pennsylvania Statute, codified at 42 PaCSA § 5524(2) (1981), states: "The following actions and proceedings must be commenced within two years: ... (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect as unlawful violence or negligence of another."

Within the same argument, Defendant makes reference to the mistaken identity problem; namely, that "M. Caupellotte" and not Frank J. Carpellotti was listed in the amended complaint as the new party defendant. In the answer and crossclaim of "M. Caupellotte" it was revealed that Frank J. Carpellotti t/d/b/a Carp Transit was the proper party. Moreover, Carpellotti testified 1) that Carp Transit and M. Carpellotti Trucking, owned by his mother, share the same office at the same address; 2) that he spoke to the Plaintiff by telephone within three or four days after the August 27, 1981 accident and 3) that it was his trucking firm and not his mother's which had an open agreement for hauling with Beckinger. Given these facts, it is clear that there was no prejudice to Defendant concerning the filing of the amended complaint, for he had received notice of the institution of the action and knew that but for a mistake concerning identity, the action would have been brought against him. *See* FED.R.CIV.P. 15(c).[3] Although the Pennsylvania statute of limitations pertaining to this action expired on August 27, 1983, there is no prejudice resulting if an amended complaint is filed correcting the identity of the party defendant. The amendment simply relates back to the date of the filing of the original Motion to Amend, or June 27, 1983.

Defendant next argues that absent a master-servant relationship, he cannot be held liable under the doctrine of respondeat superior for the negligence of Moore or Beckinger. He further contends that both Moore and Beckinger were independent contractors.

■ The hallmark of a master-servant relationship is that the master not only controls the result of the work but has the right to direct the manner in which the work shall be accomplished; the hallmark of an independent contractee-contractor relationship is that the person engaged in the work has exclusive control of the manner of performing it, being responsible only for the result. *See Green v. Independent Oil Co.*, 414 Pa. 477, 201 A.2d 207 (1964); *Johnson v. Angretti*, 364 Pa. 602, 73 A.2d 666 (1950).

■ That Beckinger could accept or refuse any of Carpellotti's hauling jobs under the open lease agreement, that he owned the trucks, that he paid all expenses incident to the operation of the trucks, that he was not subject to orders from Carpellotti except as to the place of loading and unloading are facts indicative of an independent contractor relationship. Although it is true that the doctrine of respondeat superior is limited to the master-servant relationship and is not applicable where the tortious acts are committed by an independent contractor, there are, as is the case herein, limited situations where public policy requires that liability remain with the employer of an independent contractor.

Section 428 of the Restatement of Law of Torts provides:

An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for physical harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.

Restatement (Second) of Torts § 428 (1965).

■ To provide a proper and safe highway system in the public interest, the Com-

---

3. FED.R.CIV.P. 15(c) states:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satis-

fied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

monwealth of Pennsylvania has enacted the Public Utility Code, and through the Pennsylvania Utility Commission (PUC), regulates the services of carriers. *See* 66 PaCSA §§ 101 et seq. (1979) Only Carpellotti possessed the requisite PUC authority to haul the coal. At the time of the accident, the truck, owned by Beckinger and operated by Moore, was engaged in the hauling of coal for Carpellotti pursuant to the open lease agreement between Carpellotti and Beckinger. Moore was unquestionably acting within the scope of his employment for Carpellotti when the accident occurred.

■ Without the PUC permit, the hauling could not legally have been performed. In this instance, Carpellotti cannot transfer his responsibility and liability to Beckinger or Moore who did not have the requisite PUC authority. To allow this to be done would render ineffective the requirements of Pennsylvania's Public Utility Code. A motor carrier operating under a public franchise cannot escape its responsibility to the public by conducting its business through independent contractors. In *Kissell v. Motor Age Transit Lines*, 357 Pa. 204, 53 A.2d 593 (1947), the Superior Court of Pennsylvania held that a person who has an Interstate Commerce Commission permit to conduct interstate shipment by public carrier cannot validly create with another person who does not have such a permit the relationship of independent contractor so as to place upon the latter sole responsibility for the harm caused by his negligence while transporting the shipment. Although the *Kissell* case involved an Interstate Commerce Commission permit and not a PUC permit, the holding is controlling instantly. *See also Magenau v. Aetna Freight Lines*, 360 U.S. 273, 275, 79 S.Ct. 1184, 1186, 3 L.Ed.2d 1224 (1959).

As an additional facet of this argument, Defendant contends that even if he could be held liable based upon the fact that he alone possessed the PUC permit for hauling, he should not be accountable for accidents involving the International tractor-trailer since his lease agreement with Beckinger calls for the use of a Mack triaxle truck. Yet, in his deposition Carpellotti admits that as the lessee under the terms of the open lease agreement, he could not require that one truck be utilized as opposed to another although the lessor is "supposed" to use the particular truck under lease. (Carpellotti's deposition at pp. 20–21, 39–40) [4] Regardless of which truck was used, the fact remains that but for the PUC permit, supplied by Carpellotti, the work could not have proceeded.[5]

For the reasons set forth above, Defendant's Motion for Summary Judgment is denied. Accordingly, discovery shall close on July 30, 1985. The parties shall file their pretrial narratives pursuant to Local Rule 5–II D.

An appropriate Order shall issue.

---

4. Moreover, the actual lease in question was destroyed by Carpellotti when updating his office files since it had expired. The Court, therefore, does not have the benefit of its review.

5. For his final allegation, Defendant argues that he bears no liability for the accident since a substantially different instrumentality was used, citing Section 239 of the Restatement (Second) of Agency. This doctrine, however, is predicated upon the master-servant relationship. Because the Court has concluded Beckinger to be an independent contractor, we need not address this matter.