John K. MAHON, M.D.

v.

CITY OF BETHLEHEM, Officer Joseph G. Gross, Officer Crenko, Officer Ladics, Sergeant Frances Donchez, Sergeant John Doe, and Bethlehem Musikfest Association, a/k/a Musikfest.

Civ. A. No. 94–5078.

United States District Court, E.D. Pennsylvania.

Aug. 28, 1995.

David Lockard, Dora Rose, David Lockard and Associates, P.C., Philadelphia, PA, for plaintiff.

Michael C. Nugent, Jay E. Mintzer, Edelstein, Mintzer & Sarowitz, Philadelphia, PA, for City of Bethlehem, et al.

Daniel G. Leeds, Patrick J. Healey, Harris & Silverman, Philadelphia, PA, for Bethlehem Musikfest.

## MEMORANDUM

JOYNER, District Judge.

Defendant Bethlehem Musikfest Association has moved this Court for summary judgment on the claims against it. This Motion is opposed both by Plaintiff and the other Defendants.

Musikfest is a Pennsylvania non-profit corporation that sponsors a large music festival every year in Bethlehem, Pennsylvania. Mu-sikfest attracts as many as 900,000 people over the course of the nine-day event. In 1993, one of the people present at Musikfest was Plaintiff, Dr. John Mahon. He arrived at Musikfest one evening to pick up his teen-aged son who had been attending the festival. It is uncontested that Dr. Mahon was told by several Defendants, City of Bethlehem police officers, that he could not remain where he was because that area was being kept free of pedestrians. Dr. Mahon told the police officers that they were acting like the Gestapo and Nazis. One Defendant, Officer Gross, arrested Dr. Mahon for disorderly conduct, and Dr. Mahon alleges that during the course of the arrest and his transport to the Bethlehem police station, one or more officers used excessive force against him and other police officers did nothing to protect him. All parties agree that these acts, if proven, constitute intentional conduct and not negligence.

Dr. Mahon's lawsuit brings claims against the City of Bethlehem and several individual police officers. The Complaint also sues Musikfest on the ground that the police officers were either employees or independent contractors of Musikfest, and that Musikfest is therefore liable for the officers' actions. In addition, the City asserted a Cross-claim against Musikfest for indemnification based on several indemnity clauses in the leases between the City and Musikfest.

## Summary Judgment Standard

 In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the

non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

**Analysis**

*1. Dr. Mahon's Claims Against Musikfest*

According to the parties, Musikfest's Motion hinges on one point; whether Musikfest is vicariously liable for the Police Officer Defendants' actions due to an agency or independent contractor relationship. Pl.'s Brief in Opp. at 2. In Pennsylvania, an agency relationship is distinguished from an independent contractor relationship based on the amount of control one party has over the other. *Jones v. Century Oil, U.S.A.,* 957 F.2d 84, 86 (3d Cir.1992) (quoting *Feller v. New Amsterdam Cas. Co.,* 363 Pa. 483, 486, 70 A.2d 299, 300 (1950)). In an agency relationship, the master "not only controls the results of the work but has the right to direct the way in which it shall be done." *Id.* In contrast, an independent contractor "has the exclusive control over the manner of performing [the work], being responsible only for the result." *Id.; Moon Area School Dist. v. Garzony,* 522 Pa. 178, 190, 560 A.2d 1361, 1367 (1989). The burden of showing an agency relationship is on the party asserting it. *Volunteer Fire Co. of New Buffalo v. Hilltop Oil Co.,* 412 Pa.Super. 140, 146, 602 A.2d 1348, 1351 (1992). Generally, it is a jury question whether a person is an agent or an independent contractor. *Woolfolk v. Duncan,* 872 F.Supp. 1381, 1392 (E.D.Pa. 1995). This question can be determined by summary judgment, however, if the facts are undisputed. *Id.*

Dr. Mahon asserts that there are genuine issues of material fact concerning Musikfest's control over the Police Officer Defendants. He proffers evidence demonstrating that Musikfest negotiated with the City of Bethlehem over what streets Musikfest would use, and in what amount and where security would be necessary. There is also evidence showing that Musikfest paid the City for the Police Officer Defendants' services. Each of the Police Officers Defendants, at their depositions, testified that they knew that Musikfest paid the City for their police services of crowd control and safety at Musikfest. According to Dr. Mahon, though, the most telling piece of evidence demonstrating control is that Musikfest had certain rules of its own, such as no bicycles or pets on Musikfest grounds, and that the Police Officer Defendants were supposed to enforce Musikfest's Rules along with local and state ordinances and laws.

Musikfest does not contest Dr. Mahon's evidence. Rather, Musikfest asserts that this evidence does not demonstrate control and proffers additional evidence to support its assertion. For example, each Police Officer Defendant testified at his deposition that his Musikfest work assignment was made via a roster system by the Fraternal Order of Police and the Police Department. In addition, the Police Officer Defendants testified that Musikfest did not have discretion over enforcement decisions, and that the Police Officer Defendants did not have to report or clear arrests with Musikfest. Further, several Police Officer Defendants testified that they were to act as police officers, and that they had no additional duties. Indeed, the leases entered into by Musikfest had identical provisions that reserved to the City "sole and exclusive jurisdiction to enforce Ordinances of the City of Bethlehem and laws of the Commonwealth of Pennsylvania on the Streets during the term of the lease."

We find that Dr. Mahon's evidence is insufficient to support his argument that Musikfest had the right to control the manner in which the Police Officer Defendants performed their duties. Dr. Mahon's evidence demonstrates that the Police Officer Defendants may have worked for Musikfest in that they were there for the purposes of maintaining safety and control at Musikfest, helped protect Musikfest employees depositing ticket proceeds at a local bank and may have enforced Musikfest's Rules. None of this evidence, however, indicates that Musikfest

had any *control* over the manner in which the Police Officer Defendants performed their duties. Significantly, Musikfest and the City agreed that the City would have exclusive jurisdiction to enforce local and state laws and ordinances. We find that, as to the agency issue, there are no material facts in dispute and will grant Summary Judgment on the issue of an agency relationship.

■ We do find, however, that there are genuine issues of material fact as to whether Musikfest hired the Police Officer Defendants as independent contractors. Dr. Mahon presents one officer's testimony describing his status as an off-duty police officer working for Musikfest. In addition, Musikfest admittedly paid the City for the police officers' services and requested additional police duties in the form of Musikfest's Rules. In contrast, Musikfest's evidence shows that Musikfest had no control over the Police Officer Defendants, and at least one officer testified that Musikfest's Rules did not provide additional duties. Accordingly, Summary Judgment is denied on the issue of independent contractor status.

Because of this ruling, we turn now to Musikfest's argument that the alleged conduct of the Police Officer Defendants was outside the scope of their duties, and that accordingly, Musikfest is not liable for those actions. Musikfest argues that no Pennsylvania court has ever ruled that a party is liable for the intentional torts of its independent contractor. Rather, Musikfest cites two cases holding that an independent contractor, by definition, is independent of the party that engaged the contractor. *Fuller v. Palazzolo,* 329 Pa. 93, 105, 197 A. 225, 231 (1938); *Silveus v. Grossman,* 307 Pa. 272, 278, 161 A. 362, 364 (1932). *Silveus* held that a person " 'is not liable for the *acts or* negligence of another, unless the relation of Master and Servant or principal and agent, exist between them; and that when an *injury* is done by a person exercising an independent employ-

ment, the party employing him is not responsible to the person injured.' " *Id.* (quoting *Allen v. Willard,* 57 Pa. 374, 381 1868)) (emphasis added). These cases arose in the context of suits for negligence, but their broad language appears to encompass intentional as well as negligent torts.

■ Dr. Mahon agrees that in Pennsylvania, a party is generally not liable for the negligent torts of its independent contractors. *Hader v. Coplay Cement Mfg. Co.,* 410 Pa. 139, 150–51, 189 A.2d 271, 277 (1963). He points out, though, that there are several exceptions to this general rule. The Restatement of Torts has split these exceptions into three general categories; (1) negligence of the employer in selecting, instructing or supervising the contractor; (2) non-delegable duties of the employer; and (3) work that is inherently or peculiarly dangerous. Restatement (Second) of Torts § 409 cmt. b (*cited in Ortiz v. Ra–El Development Corp.,* 365 Pa.Super. 48, 52, 528 A.2d 1355, 1357, *alloc. denied,* 517 Pa. 608, 536 A.2d 1332 (1987)).

Dr. Mahon asserts that no Pennsylvania Court has addressed the issue of intentional torts. He encourages us to follow the lead of other states, however, which have held parties liable for the intentional torts of their independent contractors.[1] Dr. Mahon further cites cases from this Circuit that he argues indicate that Pennsylvania would similarly hold parties liable for the intentional torts of their independent contractors. *Longo v. PECO,* 618 F.Supp. 87, 90–91 (W.D.Pa. 1985), *aff'd,* 856 F.2d 183 (3d Cir.1988) (public policy exception creates liability when negligent work done under state license); *Downey v. Union Paving Co.,* 184 F.2d 481, 485 (3d Cir.1949) (same).

■ Dr. Mahon's premise is incorrect, however. Our Court recently ruled on this precise issue. In *Woolfolk,* our Court held, "[u]nder Pennsylvania law, an employer may be liable for the intentional torts committed

---

1. *See Nash v. Sears Roebuck & Co.,* 12 Mich.App. 553, 163 N.W.2d 471 (1968), *rev'd on other grounds,* 383 Mich. 136, 174 N.W.2d 818 (1970); *Peachtree–Cain v. McBee,* 254 Ga. 91, 327 S.E.2d 188 (1985); *United States Shoe Corp. v. Jones,* 149 Ga.App. 595, 255 S.E.2d 73 (1979); *Dupree v. Piggly Wiggly Shop Rite Foods, Inc.,* 542

S.W.2d 882 (Tex.Civ.App.1976); *Malvo v. J.C. Penney Co.,* 512 P.2d 575 (Alaska 1973); *Hendricks v. Leslie Fay, Inc.,* 273 N.C. 59, 159 S.E.2d 362 (1968); *Zentko v. G.M. McKelvey Co.,* 88 N.E.2d 265 (Ohio App.1948); *Szymanski v. Great Atlantic & Pac. Tea Co.,* 79 Ohio App. 407, 74 N.E.2d 205 (1947).

by a servant, but not for those committed by an independent contractor." 872 F.Supp. at 1391 (citing *Capan v. Divine Providence Hosp.*, 287 Pa.Super. 364, 367, 430 A.2d 647, 648 (1980) ("As a general rule, an employer is not liable for torts committed by an independent contractor in his employ"); *Smalich v. Westfall*, 440 Pa. 409, 414, 269 A.2d 476, 481 (1970)). We find that, in general, Pennsylvania is reluctant to add new exceptions to the independent contractor shield. *See e.g., Peffer v. Penn 21 Assoc.*, 406 Pa.Super. 460, 465, 594 A.2d 711, 713 (1991) (declined to make new exception). When it has, those exceptions are the same as those recognized in the Restatement. *See e.g. Longo*, 618 F.Supp. at 90; *Downey*, 184 F.2d at 485; *Ortiz*, 365 Pa.Super. at 51, 528 A.2d at 1357. The Restatement does not recognize an intentional tort exception to the general rule. *See* Restatement §§ 409–429. Upon careful consideration of the existing case-law, we rule that as a matter of law, Musikfest is not liable for intentional torts committed by its independent contractors, and grant summary judgment on the claims against Musikfest in Dr. Mahon's Complaint.[2]

*2. City and Police Officer Defendants' Cross-claims against Musikfest*

The City and Police Officer Defendants' Cross-claim seeks indemnification from Musikfest based on indemnification clauses that appear in each of the three leases between the City and Musikfest. These identical clauses provide that:

Lessee shall indemnify and hold harmless Lessor from and against all suits or claims that may be based upon the injury or alleged injury, including death, to any person or property that may occur or that may be alleged to have occurred, in the course of the performance of this Lease by Lessee, whether such claims shall be made by an employee of the Lessee, or by a third party, whether or not it shall be claimed that the injury or alleged injury

was caused through the negligent act or omission of Lessor, its agents or employees. Lessee shall, at Lessee's own expense, pay all charges of attorneys, and all costs and other expenses arising therefrom or incurred in connection therewith, and if any judgment shall be rendered against Lessor in any such action or actions, Lessee at Lessee's own expense, shall satisfy and discharge the same.

Musikfest asserts that these clauses do not apply to this action because they are not specific enough to cover intentional conduct and civil rights violations. It cites Pennsylvania cases holding that indemnification clauses' language must be clear and unequivocal in order to cover claims for an indemnitee's own negligence. *Ruzzi v. Butler Petro. Co.*, 527 Pa. 1, 588 A.2d 1, 4–5 (1991); *Ersek v. Springfield Township*, 160 Pa.Comm. 79, 634 A.2d 707, 710–11 (1993). The City and Police Officers argue that the instant language is specific enough to cover this situation, but cite no cases in support of this assertion. Nonetheless, they argue, coverage is a question of fact for the jury to decide, not for this Court.

▮ There are numerous cases in Pennsylvania and federal courts sitting in Pennsylvania holding that public policy precludes indemnification clauses from covering intentional or wrongful conduct of the indemnitee. *See Nationwide Mut. Ins. Co. v. Hassinger*, 325 Pa.Super. 484, 489, 473 A.2d 171, 173 (1984) ("against the public policy of this Commonwealth to provide insurance coverage for intentional acts"); *Britt v. May Dept. Stores Co.*, 94–3112, 1994 Westlaw 585930 *2 (E.D.Pa. Oct. 14, 1994) ("As a predicate for recovery under basic indemnity principles, it is required that ... the indemnitee, not have contributed to [the injured's] injuries by its own improper or unlawful conduct") (citing cases).

No party has argued that this case raises issues of negligent infliction of injuries by the

---

2. Dr. Mahon urges us to find that hiring police officers to perform security work creates a peculiar risk of harm, and is therefore an exception to the normal independent contractor shield. This exception is relevant when negligence is at issue, and is therefore not applicable to this action.

Even if it were, we do not find that this raises to the level of a peculiar risk. We find that although police work is risky, performing arrests do not create a peculiar risk. *Marshall v. SEPTA*, 587 F.Supp. 258, 264 (E.D.Pa.1984); *Ortiz*, 365 Pa.Super. at 48, 528 A.2d at 1357.

Police Officer Defendants. *See* Plaintiff's Brief in Opp. to Musikfest's Motion at 2; Musikfest's Supp.Memo. at 2–3. Because of this we find that as a matter of law, the indemnification clauses in each of the three leases do not serve to shield the City from the alleged intentional acts of its agents, the Police Officer Defendants. Based on this ruling, we Grant Summary Judgment for Musikfest on the issue of liability based on the indemnification clauses in the leases.

An appropriate Order follows.

## ORDER

AND NOW, this 28th day of August, 1995, upon consideration of Motion of Defendant Bethlehem Musikfest Association for Summary Judgment, and responses thereto, the Motion is hereby GRANTED as described in the attached Memorandum.