613 A.2d 595

Andreas AIVAZOGLOU, et ux., et al., Appellants,

v.

DREVER FURNACES, Pars Manufacturing, Phelps Packing and Rubber Co., Hercules Packing Corp., Anchor Packing Corp., Harvey Hubbell, Inc., Harbison Walker Refractories, Ray Oil Burner Co., Bickley Furnaces, Inc., Superior Boiler Works, Inc., H.B. Smith, Keeler/Dorr–Oliver Boiler Co., International Boiler Works Co., Cleaver Brooks Division of Aqua–Chem, Inc. Westinghouse Airbrake Company, Crane Packing, Sepco Corp., Hitco., Rowland Co., New York Airbrake Co., Selas Corporation of America and Selas Furnaces, Appellees.

Andreas AIVAZOGLOU, et ux., et al., Appellants,

v.

DREVER FURNACES, Pars Manufacturing, Phelps Packing and Rubber Co., Hercules Packing Corp., Anchor Packing Corp., Harvey Hubbell, Inc., Harbison Walker Refractories, Ray Oil Burner Co., Bickley Furnaces, Inc., Superior Boiler Works, Inc., H.B. Smith, Keeler/Dorr–Oliver Boiler Co., International Boiler Works Co., Cleaver Brooks Division of Aqua–Chem, Inc. Westinghouse Airbrake Company, Crane Packing, Sepco Corp., Hitco., Rowland Co., New York Airbrake Co., Selas Corporation of America and Selas Furnaces, Appellees.

Superior Court of Pennsylvania.

Argued March 11, 1992.

Filed Aug. 20, 1992.

112

Edward Garrigan–Nass, Philadelphia, for appellants.

Charles W. Craven, Philadelphia, for Drever Furnaces, appellee.

Michael F. Brown, Massachusetts, for Crane Packing, appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

WIEAND, Judge.

The issue in this appeal is whether a petition for leave of court to amend a complaint to add defendants is effective to toll the statute of limitations where no action is commenced against such added defendants until after the time allowed by the statute of limitations has expired. The trial court held that the mere filing of a petition to amend a prior complaint did not toll the statute of limitations as to defendants not named in the original complaint and entered summary judgments in their favor. On appeal, we affirm. The procedural rules in this Commonwealth clearly and specifically provide for the manner in which a civil action may be commenced; and in this case, no action was commenced until after the same had been barred by the statute of limitations.

Andreas Aivazoglou was diagnosed as having an asbestos related disease on March 19, 1987. In July, 1987, Aivazoglou and his wife filed a complaint naming as defendants numerous manufacturers of asbestos products. On February 2, 1989, the plaintiffs filed a petition requesting leave of court to amend the complaint by adding twenty-six (26) additional manufacturers as defendants. A copy of the amended complaint was attached to the petition. However, notice was not given to any of the twenty-six additional manufacturers sought to be joined as defendants. On April 6, 1989, the court granted the petition and directed that the amended complaint be filed within thirty (30) days. An amended complaint was filed on June 12, 1989.

The added defendants filed answers asserting, inter alia, that plaintiffs' action against them was barred by the two year statute of limitations applicable to actions for personal injuries. The trial court agreed and granted a motion for judg-

ment on the pleadings filed by the added defendants. The plaintiffs appealed.[1]

Appellants argue on appeal that the petition to amend their complaint was sufficient to toll the running of the statute of limitations. Appellees point out, however, that the Rules of Civil Procedure in Pennsylvania are very specific regarding the means by which a civil action is to be commenced and that plaintiffs, by not following the rules, failed to commence an action against them until after the statute of limitations had run.

The Pennsylvania Supreme Court has repeatedly emphasized the important purposes which are served by statutes of limitation. They not only serve to give prompt notice to defendants that claims are being made against them, but they prevent stale claims and thus promote finality and stability. *Estate of Gasbarini v. Medical Center of Beaver County, Inc.,* 487 Pa. 266, 272, 409 A.2d 343, 346 (1979). In *Insurance Co. of North America v. Carnahan,* 446 Pa. 48, 284 A.2d 728 (1971), the Court said:

> [t]he purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims. *Ulakovic v. Metropolitan Life Ins. Co.,* 339 Pa. 571, 575–576, 16 A.2d 41 (1940). The defense of the statute of limitations is not technical, but "substantial and meritorious .. [such statutes] are vital to the welfare of society and are favored in the law." *Schmucker v. Naugle,* 426 Pa. 203, 231 A.2d 121 (1967).

*Id.,* 446 Pa. at 51, 284 A.2d at 729–730. In *Cunningham v. Ins. Co. of N.A.,* 515 Pa. 486, 530 A.2d 407 (1987), the Court said:

> Statutes of limitations embody important policy judgments that must be taken into account in determining the scope of application of the tolling principle. Those policy judgments include a belief that defendants should be protected against the prejudice of having to defend against

---

1. The Aivazoglou claim is illustrative of 141 separate cases in which the trial court entered judgments on the pleadings. All of these cases have been consolidated by the trial court for purposes of appeal.

stale claims, *Insurance Company of North America v. Carnahan*, 446 Pa. 48, 51, 284 A.2d 728, 729 (1971), as well as the notion that, at some point, claims should be laid to rest so that security and stability can be restored to human affairs, *Schmucker v. Naugle*, 426 Pa. 203, 205–206, 231 A.2d 121, 123 (1967). The defense of the statute of limitations is not a technical defense but rather is a substantial and meritorious one, and has been regarded as favored in the law and as advancing the welfare of society. *Id.*

*Id.*, 515 Pa. at 491, 530 A.2d at 409. See also: *In re Thorne's Estate*, 344 Pa. 503, 513, 25 A.2d 811, 816–817 (1942), where the Court said: "There may be particular cases of hardships in the law, but the general benefit of the provisions of these acts of Assembly far overbalance these particular cases. These acts, whilst they give to the vigilant every means of redress necessary for their protection, fix a period when all litigation is at an end."

■ In Pennsylvania, actions for personal injuries must be brought within two years. 42 Pa.C.S. § 5524(2). Plaintiffs concede, as they must, that the procedure employed to add manufacturers as defendants in this case was not calculated to give notice to these defendants that a claim was being made against them until after the period for filing suit had expired. Plaintiffs nevertheless urge this court to adopt a new rule declaring that statutes of limitations are tolled by the filing of a petition for leave to amend in the trial court. We decline plaintiffs' offer.

■ In so doing we are reminded that, absent fraud or its equivalent, judicial extensions of time are expressly prohibited by Section 5504 of the Judicial Code. *Commonwealth v. Liptak*, 392 Pa.Super. 468, 573 A.2d 559 (1990). If we were to accept plaintiffs' theory, we would thereby extend the statute of limitations by judicial decree to a period in excess of the two years established by the legislature. Not only would this prevent the defendants from receiving prompt notice of the claim, but it would prevent the finality and stability which the statute of limitations was intended to achieve.

The delay in this case was not inadvertent. The plaintiffs knew well before the running of the statute of limitations that claims could be asserted against additional manufacturers of asbestos. They could have commenced an action against the additional manufacturers of asbestos—and thereby tolled the statute of limitations—in any one of three means provided for commencement of an action by the Rules of Civil Procedure. They could have commenced an action by filing (1) a praecipe for writ of summons; (2) a complaint, or (3) an agreement for amicable action.[2]  Pa.R.C.P. 1007; *Wible v. Apanowicz,* 306 Pa.Super. 262, 266, 452 A.2d 545, 546 (1982). If they had done so, the defendants would have been duly served and would have received prompt notice that they had been sued.

The language of Rule 1007 is clear and unambiguous; it does not admit of qualification in an effort to ascertain its spirit. Indeed, *its underlying purpose has been to provide certainty as to the commencement of an action and to remove a subsequent failure to effect service from consideration in determining whether the statute of limitations has been tolled.*

*Lamp v. Heyman,* 469 Pa. 465, 473, 366 A.2d 882, 886 (1976) (footnote omitted) (emphasis added). Attempts to commence actions by means other than those allowed by Rule 1007 have consistently been rejected by the courts. See: *Hartmann v. Peterson,* 438 Pa. 291, 293, 265 A.2d 127, 128 (1970) ("Nowhere do the rules provide for commencing an action by a petition."); *Valentin v. Cartegena,* 375 Pa.Super. 493, 544 A.2d 1028 (1988) (suggestion of death with copy of complaint attached improper means for commencing action under Rule 1007); *Floczak v. Nationwide Mut. Ins. Co.,* 289 Pa.Super. 438, 442, 433 A.2d 885, 887 (1981) ("rules do not provide for commencement of an action by petition and rule."); *In re Petition of Montgomery,* 67 Pa.Commw. 2, 4–5, 445 A.2d 873, 874 (1982) ("petition for an order [requesting counsel fees] is not a praecipe, complaint or agreement and the petition in this case should have been dismissed.") It seems clear, therefore, that the only proper

---

2. After a separate action had been commenced, it could have been consolidated with the present action for trial.

way to commence an action in this Commonwealth is by proceeding in accordance with the clear and unambiguous language found in Rule 1007.

■ In the instant case, the plaintiffs failed to proceed in accordance with Rule 1007 until after the statute of limitations had rendered their action untimely.

Our decision is in accord with the county court decision in *Buranosky v. Himes,* 34 Pa.D. & C.2d 509 (Elk; 1964). In *Buranosky,* plaintiff's decedent had been involved in an automobile accident on August 25, 1961. On December 22, 1961, plaintiff commenced a death action against the original defendants. Thereafter, on August 15, 1963, plaintiff petitioned the court for leave to amend the pleadings to add a new defendant under Rule 2232(c) of the Pennsylvania Rules of Civil Procedure. The court framed the issue as follows: "Did plaintiff 'commence' his suit against [the added defendant] before the period provided therefor under the statute of limitations expired?" *Id.* at 511. The court held that the mere filing of the petition to join the defendant was not equivalent to the commencement of an action tolling the statute of limitations. The court stated:

> The rule is well settled and supported by extensive authority that for the purpose of tolling the statute of limitations an action is commenced when the praecipe is filed, the writ paid for and the case properly indexed and docketed: *Gibson v. Pittsburgh Transportation Co.,* 311 Pa. 312 [, 166 A. 842] (1933); *Ledonne v. Commerce Insurance Co.,* 307 Pa. 1 [, 160 A. 612] (1932); *Rylee v. Nicoll's Administrator,* 74 [Pa.] D. & C. 269 (1950); *Thomas v. McLean Coal Co.,* 79 [Pa.] D. & C. 492 (1951); *Kurtz v. Rochester Machine Co.,* 17 Beaver 15 (1955). It has been held in a lower court case that the filing of the praecipe alone is sufficient even though the case is not docketed or the writ issued until the following day and after the statutory period has expired: *Burd v. Bennett Transp. Co.,* 21 Erie 59 (1939). However, where as here the only act done prior to the expiration of the statutory period was the filing of a petition, we feel compelled to hold that the motion to join [ ] as a party defen-

dant has not been timely made and accordingly must be dismissed.

*Id.* at 511–512.[3]

We recognize that the federal courts have allowed a petition to amend, with copy of the amended complaint attached, to have the effect of tolling an applicable statute of limitations. They have done so by relying upon the federal rule which provides that "[a] civil action is commenced by filing a complaint *with the court.*" See: *Longo v. Pennsylvania Electric Co.,* 618 F.Supp. 87 (W.D.Pa.1985); *Chaddock v. Johns–Manville,* 577 F.Supp. 937 (S.D.Ohio 1984); *Eaton Corp. v. Appliance Valve Co.,* 634 F.Supp. 974 (N.D.Ind.1984). In Pennsylvania, however, a civil action can only be commenced in the manner provided by R.C.P. 1007. Here, nothing was filed in the Prothonotary's Office until after the statute of limitations had run.

■ Our decision adheres to the well established rule that new parties cannot be introduced into a suit by amendment following expiration of the period of the statute of limitations. In *Girardi v. Laquin Lumber Company,* 232 Pa. 1, 81 A. 63 (1911), an action was brought against a named defendant in its capacity as a corporation. The proposed amendment was to name the defendants as a partnership. The Supreme Court said: "The allowance of the amendment would have brought new parties on the record. Under the rule established by our cases this cannot be done. Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action *or bring in a new party* . . . if [the effect of the amendment] is to bring in a new party, it will be refused." *Id.,* 232 Pa. at 2, 81 A. at 63 (emphasis added). See also: *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965); *Gozdonovic v. Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A.2d

---

**3.** We recognize that the *Buranosky* decision is not precedentially binding. Contrary to plaintiffs' argument, however, it cannot be distinguished merely because a copy of the amended complaint was not attached to the petition in that case. The critical issue there, as here, was whether the petition for leave to amend was the commencement of an action which tolled the statute of limitations.

73 (1947); *Wernick v. Pittsburgh Underwriters Agency,* 90 Pa.Super. 186 (1926). This practice has proven to be both sound and just.

■ In this case, the plaintiffs had ample opportunity to commence a timely action against the additional manufacturers in the manner provided by the Pennsylvania Rules of Civil Procedure. The rules were promulgated to promote uniformity and to provide procedural due process for all litigants. Rather than adopt an ad hoc exception to the rules and the decisions interpreting those rules, we hold, consistent with prior appellate court decisions, that an action is commenced only by filing with the prothonotary a praecipe for writ of summons, a complaint, or an agreement for an amicable action. Therefore, we affirm the judgment entered by the trial court.[4]

■ It may be, as has been suggested, that the Supreme Court, as the policy making court in this Commonwealth, will choose to make it easier to toll the statute of limitations. In the meantime, this Court, being an error correcting court, will affirm trial court decisions which are in accord with principles of law adopted by prior appellate court decisions.

Judgment affirmed.

4. The statute of limitations bars claims by plaintiffs against the additional manufacturers. It has not yet run on claims for contribution by defendants found liable to plaintiffs on the cause of action stated in plaintiffs' original complaint.