## Morgan v. Harnischfeger Corporation

*Neil T. O'Donnell, John M. Elliott,* and *Thomas J. Elliott,* for plaintiffs.
*Harry V. Cardoni,* for defendant Roadway Safety Inc.
*Joseph A. McGinley,* for defendant Kobe Steel Ltd.
*Ralph J. Johnston Sr.,* for defendant L.B. Smith Inc.
*Chester C. Corse,* for defendant Penn East Corp.

MUNDY, *J.,* March 5, 1993—This matter returns to the court on the petition for reconsideration of the order of this court dated September 28, 1992, filed by the defendants, L.B. Smith Inc., Kobe Steel Ltd, Century II Inc., Penn East Corporation, Roadway Safety Inc., and Michael Baker Inc.

The defendants' petition for reconsideration centers on the recent holding of our Superior Court in *Aivazoglou v. Drever Furnaces,* 418 Pa. Super. 111, 613 A.2d 595 (1992).

The Superior Court in *Aivazoglou* held that the filing of a petition for leave to join additional defendants is not effective to toll the expiration of a statute of limitations

in the underlying action for personal injuries against the joined defendants.

The defendants cite *Aivazoglou* in the present case and argue that the plaintiffs' failure to seek leave of this court join them as defendants, prior to the expiration of the statute of limitations, precludes their joinder in this cause of action.

In our previous opinion and order we clearly noted that by virtue of the complaints filed against and served upon them, each of the additional defendants had received notice, prior to the expiration of the statute of limitations, of the plaintiffs' cause of action. While the complaints filed were not in strict compliance with the Rules of Civil Procedure, leave of court not being sought prior to the filing, we noted that Pa.R.C.P. 126 empowered us to disregard an error or defect of procedure which does not affect the substantial rights of the parties.

In our view, since the joined defendants had received notice of the cause of action, and the basis therefor, prior to the expiration of the statute, their substantial rights were not affected.

After a thorough review of the *Aivazoglou* case, our view has not changed. It is important to note that the court therein reaffirmed that notice to the defendant is one of the underlying purposes for a prescribed statute of limitations.

"The Pennsylvania Supreme Court has repeatedly emphasized the important purposes which are served by statutes of limitation. They not only serve to give prompt notice to defendants that claims are being made against them, but they prevent stale claims and thus promote

finality and stability..." (citations omitted) *Id.* at 114, 613 A.2d at 597.

The court, equally emphasized that the *lack of notice* to the aggrieved defendants in *Aivazoglou* was the impetus behind preclusion of the plaintiff's claim against them:

"The plaintiffs knew well before the running of the statute of limitations that claims could be asserted against additional manufacturers of asbestos. They could have commenced an action against the additional manufacturers of asbestos—and thereby tolled the statute of limitations—in any one of three means provided for commencement of an action by the Rules of Civil Procedure. They could have commenced an action by filing (1) a praecipe for writ of summons; (2) a complaint, or (3) an agreement for amicable action.... If they had done so, the defendants would have been duly served and would have received prompt notice that they had been sued." (footnote omitted) (citation omitted) *Id.* at 116, 613 A.2d at 598.

In the case at bar the plaintiffs complied with the directives of the rule cited by the *Aivazoglou* court (Pa.R.C.P. 1007). Having commenced the action plaintiffs filed a complaint, on the defendants prior to the expiration of the statute, albeit without leave of court and in violation of the procedural rules. Notwithstanding the procedural violation, however, it is without question that the objecting defendants received notice that a cause of action had been commenced against them, and the basis for that cause of action, prior to the expiration of the statute.

Therefore, we reiterate our first holding that the procedural error brought about by the failure to seek leave of this court prior to joining the additional defendants is not an adequate basis for shielding them from potential

liability for their alleged negligent actions where the defendants had formal notice of the basis for the claim prior to the expiration of the statute.

Accordingly, this court enters the following:

### ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The petition for reconsideration filed by the defendants, L.B. Smith Inc., Kobe Steel Ltd., Century II Inc., Penn East Corporation, Roadway Safety Inc., and Michael Baker Inc., is denied and dismissed; and

(2) The prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.