GLD-248                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2158
_____

SOPHIA POOLE,
                                        Appellant

v.

OFFICER FRANK MARKS; ROBERT C. WYDA; PTLM SEAN MCGRAIL;
PTLM MICHAEL DUNN; PTLM TOM REIGATTI; PTLM ROSE SCABILLONI;
PETER SCABILLONI; POLICE CHIEF JOHN MACKEY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2- 10-cv-00722)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2011

Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed: August 8, 2011)
_____

OPINION
_____

PER CURIAM

        Sophia Poole appeals from the District Court's dismissal of her claims.  For the

following reasons, we will summarily affirm.

I.

On May 25, 2010, Poole filed a one-page, handwritten, pro se amended complaint against the following defendants: (1) her neighbors, Rose and Peter Scabilloni; (2) Officer Frank Marks; Patrolmen Michael Dunn, Sean McGrail, and Tom Reigatti; and Police Chief John Mackey; all of the Bethel Park Police Department (collectively "police officer defendants");[1] and (3) Robert Wyda, a Magistrate Judge in Allegheny County. The amended complaint suggested that Poole's claims arose from an altercation with Peter Scabilloni that led to her false arrest and the initiation of false charges against her.

The three sets of defendants filed separate responses to the amended complaint. First, Wyda moved to dismiss, arguing that he is entitled to absolute judicial immunity from Poole's claims and, alternatively, that Poole failed to state a claim against him. Next, the police officer defendants moved for a more definite statement. Finally, the Scabillonis moved to dismiss, predominantly arguing that the District Court lacked subject matter jurisdiction over the claims against them. The Magistrate Judge assigned to the case granted the police officer defendants' motion for a more definite statement and issued a report and recommendation advising the District Court to grant Wyda's motion to dismiss without prejudice to Poole filing an amended complaint, since the basis for her allegations against Wyda were unclear.

Poole filed objections to the report and recommendation and an "amendment for a more definite statement of facts" – essentially a second amended complaint. The

---

[1] Poole appears to have brought her claim against Mackey in his official capacity in an effort to sue the Municipality of Bethel Park.

pleading appears to assert civil rights claims against the police officer defendants and Wyda pursuant to 42 U.S.C. § 1983, and state law tort claims against the Scabillonis, all of which are based on a May 25, 2007 altercation between the neighbors and the police officer defendants' response to that incident. On that date, Peter Scabilloni allegedly threatened Poole and her son, attempted to assault Poole with an iron rod, and, in the process, caused damage to her garage.[2] Certain of the police officer defendants came to Poole's house in response to the incident and "took the Scabillonis['] side" in the matter. (Document 31 at 3.) Poole contends that Officer Marks beat up her son in the course of arresting him and assaulted her by punching her in the arm; that Patrolman McGrail "threw away [her] house and car keys;" and that when she told Patrolman Reigatti that Scabilloni had assaulted her, Reigatti "yelled to Mr. Scabilloni to not worry about it because she can't do anything to you." (Id.)

On June 4, 2007, when Poole attempted to file charges against the police officer defendants, Wyda allegedly told Poole to "get [herself] and [sic] attorney and go to Pittsburgh." (Id.) That same day, at a hearing before Wyda regarding the charges against her son, Poole learned that she would be charged in connection with the May 25, 2007 incident.[3] Wyda allegedly yelled at Poole during the course of proceedings, threatened to incarcerate her if she ever called the police again, and prevented her and her son from proving their innocence. At another hearing in July of 2007, Wyda allegedly turned to

_____

[2] Poole's filings reflect a long-standing feud with the Scabillonis, stemming in part from what appears to be a dispute over whether Poole's garage encroaches on the Scabillonis' property.

[3] The nature of the charges against Poole and her son are unclear, although a later filing suggests that the son was charged with assaulting a police officer.

Officer Marks and said "I don't know why I let you get me mixed up in this." (Id.)

In response to the second amended complaint, the police officer defendants moved to dismiss the claims against them as barred by the statute of limitations. In separate reports and recommendations, the Magistrate Judge recommended dismissing the claims against the Scabillonis for lack of jurisdiction without prejudice to Poole reasserting those claims in state court, and recommended dismissing the claims against the police officer defendants as time barred. Poole filed objections to both reports and recommendations.[4]

The District Court granted Wyda's motion to dismiss, concluding that, in light of Poole's second amended complaint and her objections, she failed to state a claim and that Wyda was nevertheless entitled to absolute judicial immunity. The District Court sua sponte raised the statute of limitations as an additional basis for dismissal pursuant to 28 U.S.C. § 1915(e), since Poole was proceeding in forma pauperis before the District Court.[5] Next, the District Court dismissed the Scabilloni's claims for lack of subject matter jurisdiction, finding an insufficient factual nexus between those claims and Poole's federal claims to warrant supplemental jurisdiction under 28 U.S.C. § 1367(a). Finally, the District Court dismissed the police officer defendants' claims as time-barred.

---

[4] Some of Poole's filings allege additional details omitted from her complaint – e.g., that Officer McGrail strip searched her son after taking him into custody and that the Scabillonis lied to the police and made derogatory remarks toward her – but the majority of her submissions duplicate the subject matter contained in the second amended complaint.

[5] A district court may sua sponte dismiss a complaint pursuant to § 1915(e) based on an affirmative defense such as the statute of limitations "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotations omitted).

4

Poole timely appealed.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's grant of Wyda and the police officer defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). We also exercise de novo review over the District Court's dismissal of Poole's claims against the Scabillonis for lack of jurisdiction. See Landsman & Funk P.C. v. Skinder-Strauss Assocs., 640 F.3d 72, 75 (3d Cir. 2011). We may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A. Claims Against Police Officer Defendants and Wyda

We agree with the District Court that Poole's § 1983 claims against the police officer defendants and Wyda are time-barred. Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions, which in this case is two years. See Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also 42 Pa. Cons. Stat. Ann. § 5524. Since Poole's claims are all premised on events that happened between May and July of 2007, they are time-

barred because she did not file her complaint until May 25, 2010.[6]

In response to the police officer defendants' motion to dismiss, Poole essentially acknowledged that her claims are late, but argued that equitable tolling should save them from dismissal. We also look to state tolling principles in the § 1983 context in determining whether a claim is time-barred. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). In Pennsylvania, judicial extensions of the statute of limitations are expressly forbidden absent fraud or its equivalent.[7] See 42 Pa. Cons. Stat. Ann. § 5504(a); see also Aivazoglou v. Drever Furnaces, 613 A.2d 595, 598 (Pa. Super. Ct. 1992). Under the more lenient federal standard, which applies when use of the state court's rules would be contrary to federal law, "[e]quitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." Lake, 232 F.3d at 370 n.9.

Poole has not established that tolling was justified under either standard.

---

[6] In connection with a "notice of facts" that Poole filed in response to the motions to dismiss, Poole provided a "Partial Lists [sic] of Dates and Time [sic] of Incidents Involving Peter Scabilloni Sr. and Family," which references an October 14, 2009 incident involving an "unknown" Bethel Park police officer. (Document 38 at 6.) That allegation was never included in any version of her complaint, which was explicitly premised on the May 25, 2007 altercation and related events and, in any event, does not state a cognizable claim under § 1983. Regardless, the allegation cannot preclude dismissal of the claims against the police officer defendants since it does not even pertain to them.

[7] The one exception is the discovery rule, see Dalrymple v. Brown, 701 A.2d 164, 167 (Pa. 1997), which is inapplicable here because Poole was indisputably aware of her injuries at the time they occurred.

6

Although she contends that Wyda precluded her from filing charges against the police officer defendants when she sought to do so on June 4, 2007, we do not see how that would have prevented her from timely filing her claims in federal court, especially since she had almost two years to do so. Poole also indicates that she was waiting to file suit until she heard back from the American Civil Liberties Union as to whether it would represent her in this case. That circumstance also does not provide a basis for tolling.[8] Accordingly, we will summarily affirm the District Court's dismissal of the claims against the police officer defendants and Wyda as time-barred.[9]

B.    Claims Against Scabillonis

We will also summarily affirm the District Court's dismissal without prejudice of Poole's state law claims against the Scabillonis for lack of jurisdiction. In that regard, we need not determine whether the District Court correctly concluded that an insufficient nexus existed between Poole's claims against the Scabillonis and her federal claims to justify supplemental jurisdiction under 28 U.S.C. § 1367(a).[10] See Pryzbowski v. U.S.

---

[8] Even after receiving a response from the ACLU declining representation, Poole waited 10 months to file her complaint. That lack of diligence further supports our conclusion that tolling is inapplicable. See New Castle Cnty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) ("To invoke equitable tolling, [a plaintiff] must show that it exercised reasonable diligence in investigating and bringing its claims.").

[9] Given our conclusion, there is no need to consider the District Court's alternative holdings that Poole failed to state a claim against Wyda and that Wyda is entitled to judicial immunity.

[10] Since Poole's claims against the Scabillonis are for violations of state law, the District Court did not have federal question jurisdiction under 28 U.S.C. § 1331. And since the Scabillonis and Poole are all citizens of Pennsylvania, where they reside, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, the key inquiry before the District Court was whether supplemental

Healthcare, Inc., 245 F.3d 266, 275 (3d Cir. 2001) ("We have interpreted [§ 1367(a)] to require the following: (1) [t]he federal claims must have substance sufficient to confer subject matter jurisdiction; (2) [t]he state and federal claims must derive from a common nucleus of operative fact; and (3) the plaintiff's claims [must be] such that [s/]he would ordinarily be expected to try them all in one judicial proceeding.") (quotations omitted and alterations in original). Given our conclusion that the District Court properly dismissed the all of the federal claims that provided the basis for the District Court's jurisdiction, it is apparent that supplemental jurisdiction over the Scabillonis claims would not be warranted at this stage of the litigation. See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (quotations omitted).

In sum, we conclude that Poole's appeal does not present a substantial question.[11] Accordingly, we will summarily affirm.

---

jurisdiction existed by virtue of the District Court's jurisdiction over Poole's § 1983 claims against the remaining defendants. See 28 U.S.C. §§ 1331 & 1343; see also 28 U.S.C. § 1367(a).

[11] We also agree with the District Court that Poole's son was not made a proper plaintiff in this litigation. See 28 U.S.C. § 1654; see also Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney plaintiff "has no authority to appear as an attorney for others than himself").