BLD-282                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2072
_____

MONSERRATE M. ZAPATA,
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; JOHN DOES 1-100;
THE UNITED STATES ATTORNEY'S OFFICE
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-06688)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 13, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 3, 2013)
_____

OPINION
_____

PER CURIAM

Monserrate Zapata appeals from the District Court's order dismissing his complaint. For the following reasons, we will grant the appellee's motion and summarily affirm.

I.

In November 2012, Monserrate Zapata brought a civil action against the U.S. Attorney's Office for the Eastern District, the Commonwealth of Pennsylvania, and various state officials. Although difficult to decipher exactly, his complaint seems to allege a government conspiracy related to his 1971 murder conviction. In particular, Zapata claimed that (1) the judge who presided over his criminal case improperly acted as both the arraignment judge and the trial judge, and lacked adequate experience as a "Homicide Trial Judge"; (2) his twelve-year sentence was inconsistent with the jury's verdict; (3) the jury improperly found him guilty of manslaughter, for which he was not charged in the indictment; and (4) the U.S. Attorney's Office ignored complaints that he made in 1973 about these alleged civil rights violations, allowing the state defendants to "contaminate the federal courts with fraud."

The U.S. Attorney's Office moved to dismiss the complaint as time-barred. Zapata responded, arguing that the limitations period should be tolled because he only recently penetrated the alleged web of fraud and concealment that the defendants had weaved around their wrongdoing. The District Court agreed with the U.S. Attorney's Office, determining that more than 40 years had passed since the events occurred, and

dismissed with prejudice Zapata's complaint. Zapata timely appealed. The appellee has filed a motion asking that we summarily affirm the District Court's judgment.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's grant of the U.S. Attorney's Office's motion to dismiss. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). To survive dismissal, Zapata's complaint needed to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Zapata's allegations are premised on events that occurred in the 1970s. Whether those allegations were brought under 42 U.S.C. § 1983 or § 1985—as Zapata's complaint cites both sections of the statute—he had to file this action within two years from the time when he "knew or should have known of the injury upon which its action is based." Sameric Corp. of Del. v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also 42 Pa. Cons. Stat. Ann. § 5524; Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989). Zapata's claim against the U.S. Attorney's Office clearly accrued more than two years before he filed this action in 2012. As Zapata himself admits, it accrued sometime back in the 1970s or the 1980s at the latest, after the U.S. Attorney's Office allegedly refused

to respond to the complaint he had filed in 1973 about his criminal proceedings. (Notice of Appeal at 4.) But rather than filing immediately back then the claims at issue here, he waited until 2012—far beyond the statute of limitations.

Zapata contended that equitable tolling should save his claims from dismissal because he only recently learned that the defendants had shrouded their wrongdoing in fraud and concealment, and he feared for his family's safety. Indeed, the statute of limitations may be tolled in cases of fraud or concealment. See 42 Pa. Cons. Stat. Ann. § 5504(a); Aivazoglou v. Drever Furnaces, 613 A.2d 595, 598 (Pa. Super. Ct. 1992); see also Hardin v. Straub, 490 U.S. 536, 539 (1989) (explaining that, like the statute of limitations, tolling rules in § 1983 actions are taken from the rules of the forum state). As the District Court correctly determined, however, Zapata's argument is unavailing. It is not enough to cryptically claim that the defendants "concealed their wrongdoing" and that the federal courts may be "bathing in fraud" without support for these allegations. (Opp'n to Mot. for Summ. J. at 5.) Moreover, as explained above, it appears that Zapata knew of the defendants' alleged wrongdoing back in the 1970s (or the 1980s at the very latest), but he waited until 2012 to file this action. His apparent lack of diligence further renders his tolling claim meritless. See New Castle Cnty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997).

For the reasons given, the District Court properly dismissed Zapata's complaint.[1] Accordingly, because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. Murray, 650 F.3d at 248; see also 3d Cir. L.A.R.; I.O.P. 10.6.

---

[1] The District Court properly dismissed as time-barred Zapata's claims against the Commonwealth and the various state officials. See Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (3d Cir. 2009) (explaining that a District Court may *sua sponte* dismiss § 1983 claims as untimely if "it is clear from the face of the complaint that there are no meritorious tolling issues . . .").