J-S53020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MAYSOON ABED ALLAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YASER MOHMOUD ALLAN, | |
| Appellant | No. 525 EDA 2017 |

Appeal from the Judgment Entered December 30, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2015 No. 02230

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 18, 2017**

Yaser Mohmoud Allan ("Husband") appeals from the December 30, 2016 judgment entered in favor of Maysoon Abed Allan ("Wife"), as made final by the order entered on January 4, 2017.[1]  We are constrained to affirm.

The factual background and procedural history of this case are as follows.  Husband and Wife were married on June 2, 1990.  In 1996, Husband was convicted of attempted murder and was sentenced to 8 to 16 years' imprisonment.  **See State v. Allan**, Case No. 92000306 (N.J. Super. Passaic).  Later that year, he was convicted of six counts including, *inter alia*, counterfeiting labels and was sentenced to an aggregate term of 11

---

[1] As discussed **infra**, this order resolved Wife's claims against Husband.

years' imprisonment.  **See United States v. Allan**, 2001 WL 1152925, *1 (E.D. Pa. Sept. 18, 2001).

While Husband was incarcerated, Wife incorporated Collectible Art & Gallery, Inc. ("Collectible Art").  On December 11, 2000, the Court of Common Pleas of Philadelphia County entered a divorce decree dissolving the parties' matrimonial bond.  Once Husband was released from prison, Wife hired him to work at Collectible Art.  During this time, the parties lived together, engaged in romantic relations, and Husband made several investments in merchandise and equipment in Collectible Art.  On January 29, 2014, Husband moved out of Wife's residence, where he had been staying since his release from prison.

On January 20, 2015, Wife filed a complaint in equity and a motion for a temporary restraining order and preliminary injunction seeking an order barring Husband from stating that he was still married to Wife.  On March 27, 2015, the trial court denied Wife's temporary restraining order and preliminary injunction motion.  On May 6, 2015, Husband filed an answer which included new matter.  On January 11, 2016, Husband requested leave to file an amended answer and counterclaim.  On March 15, 2016, five days after the trial court granted his request, Husband filed an amended answer and counterclaim alleging conversion.  Husband averred that, "On or near [January 29, 2014, Wife] revealed that she intended to deprive [Husband] of his merchandise and equipment and the proceeds of each of the same."

Husband's Amended Answer and Counterclaim, 3/15/16, at 3. On April 22, 2016, Wife filed an answer to the counterclaim which included new matter.

On October 25, 2016, Wife moved for summary judgment on Husband's conversion counterclaim. Wife argued that Husband's counterclaim was barred by the statute of limitations. On December 30, 2016, the trial court granted Wife's motion for summary judgment. On January 7, 2017, the trial court entered an order discontinuing Wife's cause of action. This timely appeal followed.[2]

Husband presents four issues for our review:

1. Whether the [t]rial [c]ourt committed an error of law and abused its discretion in granting [the m]otion for [s]ummary [j]udgment without full and/or proper review of [Pennsylvania Rule of Civil Procedure] 1033?

2. Whether the [t]rial [c]ourt committed an error of law and abused its discretion by improperly granting [the m]otion for [s]ummary [j]udgment pursuant to [Pennsylvania Rule of Civil Procedure] 1035.2 and the standard the [trial c]ourt must use in granting and/or denying same?

3. Whether the [t]rial [c]ourt committed an error of law and abused its discretion in concluding [Husband's] cause of action for conversion was barred by the statute of limitations for conversion pursuant to 42 Pa.C.S.[A. §] 5524 when the record is unclear as to when the alleged conversion took place?

4. Whether the [t]rial [c]ourt committed an error of law and abused its discretion in granting [m]otion for [s]ummary [j]udgment as [Wife's m]otion . . . was premature [since] discovery had not yet been completed?

_____

[2] The trial court did not order Husband to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Nonetheless, the trial court issued a Rule 1925(a) opinion on April 25, 2017.

Husband's Brief at 6.[3]

Husband challenges the trial court's order granting Wife's motion for summary judgment. "The trial court's entry of summary judgment presents a question of law, and therefore our standard of review is *de novo* and our scope of review is plenary." ***Branton v. Nicholas Meat, LLC***, 159 A.3d 540, 545 (Pa. Super. 2017) (citation omitted). "A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law." ***Yenchi v. Ameriprise Fin., Inc.***, 161 A.3d 811, 818 (Pa. 2017) (citation omitted). "In considering a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Green v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n***, 158 A.3d 653, 658 (Pa. Super. 2017) (citation omitted). "When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment." ***Brown v. Everett Cash Mut. Ins. Co.***, 157 A.3d 958, 962 (Pa. Super. 2017) (citation omitted).

Pursuant to statute, "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof" must be commenced within two years. 42 Pa.C.S.A. § 5524(3). This statute of limitations begins to run "from the time the cause of action accrued." 42

---

[3] We have re-numbered the issues for ease of disposition.

Pa.C.S.A. § 5502(a). A claim for conversion accrues when an individual "unreasonably withhold[s] possession [of property] from one who has the right to it." *PTSI, Inc. v. Haley*, 71 A.3d 304, 314 (Pa. Super. 2013) (internal alteration and citation omitted). In her motion for summary judgment, Wife alleged that Husband judicially admitted that the statute of limitations on his counterclaim began to run on January 29, 2014 when she withheld his property. The trial court agreed and concluded that, because Husband filed his counterclaim for conversion on March 15, 2016, it was barred by the statute of limitations.

In his first issue, Husband argues that even if the limitations period began to run on January 29, 2014, he filed his counterclaim within two years because he filed his motion to amend his answer, which attached a copy of his amended answer and counterclaim, on January 11, 2016. Wife argues that Husband failed to preserve this issue for appellate review. We agree that Husband has waived this claim of error.

Pennsylvania Rule of Civil Procedure 1035.3 provides, in relevant part:

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. No. 1035.3(a) (note omitted). This Court's most detailed analysis of waiver for failing to raise an issue in opposition to summary judgment was in ***Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship***, 764 A.2d 1100 (Pa. Super. 2000), *appeal denied*, 782 A.2d 546 (Pa. 2001). This Court explained that:

> In cases preceding the promulgation of [Pennsylvania Rules of Civil Procedure] 1035.2 and 1035.3, [this Court] allowed presentation of arguments for the first time on appeal where the non-moving party had failed to file a response to the motion for summary judgment and the trial court granted the undefended motion without conducting an independent review of the record. [This Court] based [its] decisions on the premise established by former [Pennsylvania Rule of Civil Procedure] 1035 that the burden of persuasion on summary judgment remained with the moving party and that the non-moving party had no duty even to respond to a summary judgment motion. In the absence of a response, [Rule 1035] imposed a duty on the trial judge to conduct an independent review of the record to discern the movant's entitlement to judgment as a matter of law. Accordingly, [this Court] addressed arguments presented for the first time on appeal because the non-moving party had no duty to present them below and because the trial court's failure to discern such points indicated a failure in the process of adjudication mandated by Rule 1035. Thus, [this Court] allowed appellants to raise points not addressed by the trial court precisely because the court did not address them despite the mandate of the former rule that those points be considered prior to entry of summary judgment.
>
> By contrast, under Rule 1035.2 and its corollary, Rule 1035.3, the non-moving party bears a clear duty to respond to a motion for summary judgment. If the non-moving party does not respond, the trial court may grant summary judgment **on that basis**. Clearly, Rule 1035.3 substantially attenuates the duty of the trial court as it existed under former Rule 1035 to conduct an

independent review of the record. Accordingly, the trial court's failure to scour the record for every conceivable ground on which to deny summary judgment cannot serve as a basis for appellate review. **Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity.** A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. To the extent that our former case law allowed presentation of arguments in opposition to summary judgment for the first time on appeal it stands in derogation of Rules 1035.2 and 1035.3. . . . Th[is] Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider.

*Harber*, 764 A.2d at 1104-1105 (internal quotation marks and citations omitted; second emphasis added).

Applying this Rule in *Harber*, this Court found that the appellant waived its argument that the trial court erred when finding its claim was barred by the doctrine of *res judicata*. *See id.* This Court explained that the appellant's choice to only argue that there was a genuine issue of material fact for trial was a strategic decision that foreclosed appellate review of its purely legal argument regarding the doctrine of *res judicata*. *See id.* at 1105.

The scenario in the case *sub judice* is similar. In his response to Wife's motion for summary judgment, Husband chose to focus on the date the statute of limitations began to run. Specifically, he argued that the statute of limitations did not begin to run on or about January 29, 2014. He did not

assert the position, which he does on appeal, that his January 11, 2016 filing satisfied the two-year statute of limitations because he attached his proposed counterclaim to his motion to amend his answer. This was a strategic error that proves fatal to Husband's argument that his counterclaim was timely filed.

This Court applied **Harber** in the context of a statute of limitations defense in **Devine v. Hutt**, 863 A.2d 1160 (Pa. Super. 2004). In **Devine**, this Court affirmed that "arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal." **Id.** at 1169. As such, this Court found that the plaintiffs waived their arguments as to why their lawsuit was timely filed because they failed to present those arguments to the trial court. **See id.** at 1170. Applying **Harber** and **Devine**, we conclude that Husband waived his first appellate issue.

In his second and third issues, Husband argues that the trial court erred in finding that the statute of limitations period began to run on January 29, 2014. The trial court found that Husband judicially admitted that the statute began to run on that date. This finding rested on Husband's averment that, "[o]n or near [January 29, 2014, Wife] revealed that she intended to deprive [Husband] of his merchandise and equipment and that the proceeds of each of the same." Husband's Amended Answer and Counterclaim, 3/15/16, at 3.

> As this Court recently explained, five elements must be satisfied
>
> for an averment to be a judicial admission. First, the averment must be made in a verified pleading, stipulation, or similar document. Second, the averment must be made in the same case in which the opposing party seeks to rely upon it. . . . Third, the averment must relate to a fact and not a legal conclusion. Fourth, the averment must be advantageous to the party who made it. Finally, the fact must be plausible.

*Branton*, 159 A.3d at 557.

In this case, the first four requirements are easily satisfied. Husband's amended answer and counterclaim was verified by Husband. The averments were made in the instant action, not another unrelated action. Third, when Wife told Husband that she would not return his property is a factual, not legal, question. Next, Wife telling Husband that she would not return his property is a key element of the tort of conversion and, therefore, was advantageous to Husband. Thus, we focus our attention on the final requirement to determine whether the averment made in Husband's amended answer and counterclaim was a judicial admission which binds Husband.

After careful review, we conclude that Husband's averment was plausible. Husband points to no evidence in the record that contradicts his statement that Wife told him she would deprive him of his property on or about January 29, 2014. To the contrary, Husband admits in his amended answer and counterclaim that the parties separated on or about that date. As such, the trial court correctly found that Husband judicially admitted that

Wife told him she would deprive him of his property on January 29, 2014. Accordingly, the statute of limitations began to run on that date.[4]

In his final issue, Husband argues that the trial court erred in granting summary judgment prior to the end of discovery. This argument is without merit. Pursuant to rule, a party may file a motion for summary judgment at any time after the relevant pleadings have been filed. *See* Pa.R.C.P. 1035.2; *Manzetti v. Mercy Hosp. of Pittsburgh*, 776 A.2d 938, 950-951 (Pa. 2001) (citation omitted) ("Summary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact."); *see also Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP*, 28 A.3d 916, 928 (Pa. Super. 2011) (trial courts are only required to give parties a reasonable time to complete discovery).

In his brief, Husband only makes general averments that more discovery was necessary to develop his conversion claim. He points to no discovery which he could have completed that would show that the statute of limitations would commence after January 29, 2014. Instead, the pleadings in this case indicate that Husband judicially admitted that the statute of limitations began to run on or about January 29, 2014. Therefore,

---

[4] Husband also argues that some conversions occurred after January 29, 2014. This argument is waived for failure to present any argument related to what specific conversions occurred after that date. *See* Pa.R.A.P. 2119(a). Moreover, even if this argument were not waived, Husband's counterclaim is only premised on conversions that occurred prior to January 29, 2014.

we conclude that the trial court did not err by considering Wife's summary judgment motion prior to the close of discovery. Accordingly, we affirm the judgment entered in favor of Wife.

In her brief, Wife argues that we should award attorney fees and costs pursuant to Pennsylvania Rule of Appellate Procedure 2744, which provides that:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including [ ] a reasonable counsel fee . . . if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate[,] or vexatious.

Pa.R.A.P. 2744. Specifically, Wife argues that this appeal is frivolous.

We decline Wife's request because, although they are either waived or without merit, Husband's arguments are not frivolous. Although Husband points to no cases precisely on point, and we are similarly unable to find any, the decisional law of this Commonwealth indicates that Husband's motion to amend his counterclaim may have been the operative day for purposes of the statute of limitations. *See Meadows v. Goodman*, 993 A.2d 912, 915 (Pa. Super. 2010) (trial court erred in denying motion to amend because the motion was filed prior to the expiration of the statute of limitations); *cf. Sardo v. Smith*, 851 A.2d 168, 169 n.1 (Pa. Super. 2004) (internal alteration and quotation marks omitted) ("It is well settled in this jurisdiction that the tolling for the statute of limitations occurs when there is proper, prompt service of a timely filed writ of summons."); *Aivazoglou v.*

***Drever Furnaces***, 613 A.2d 595, 598–600 (Pa. Super. 1992) (motion to amend to add new defendants does not toll statute of limitations because it does not give notice to the party against whom the additional claims are being asserted).

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017